# Berney *v.* The State.

*Indictment for Carrying Concealed Pistol.*

1. *Declarations by accused ; when inadmissible for him.*—The connection between an act *prima facie* criminal and a fact or circumstance which may excuse it, can not be shown by the declarations of the accused made prior to, and in contemplation of the act.

2. *Same.*—An offer on the part of a defendant, indicted for carrying a pistol concealed about his person, made several days before he was detected in the act, and on being informed that threats of violence had been made against him, to borrow five dollars with which to purchase a pistol, being a declaration by the accused self-serving in its character, and capable of concoction as a part of a scheme of crime, is not admissible for him.

APPEAL from the City Court of Montgomery.

Tried before Hon. T. M. ARRINGTON.

At the February Term, 1881, of said court, the defendant was indicted for carrying a pistol concealed about his person. The evidence introduced on behalf of the State tended to show that the defendant, on or about the 4th day of November, 1880, did carry a pistol concealed about his person. The defendant then introduced testimony tending to show, that one Ben Turner, in the latter part of October, 1880, heard one Jesse Chilton say, that he was armed and that defendant had better get ready for him, as he intended to meet him, and that Turner immediately thereafter told the defendant what Chilton had said. The

[Madden v. Floyd.]

defendant then offered to prove that he, "immediately upon receiving said information, asked his employer to let him have five dollars for the purpose, as he said, of buying a pistol; but, on objection made by the State, the defendant was not allowed by the court to make such proof, and to this ruling the defendant excepted, and here assigns the same as error.

JNO. GINDRAT WINTER, for appellant cited 1 Vol. Brick. Dig. p. 843, §§ 553, 555; *Hooper v. Edwards*, 20 Ala. 528; *Shorter v. The State*, 63 Ala. 129; *Tompkins v. Reynolds*, 17 Ala. 109; *Gandy v. Humphries*, 35 Ala. 617; *Wesley v. The State*, 52 Ala. 182.

H. C. TOMPKINS, Attorney-General for the State, with whom was F. S. FERGUSSON, Solicitor for 2d Judicial Circuit. (No brief on file.)

BRICKELL, C. J.—The offer of the accused, on being informed of the threats of violence Chilton had made, to borrow five dollars to purchase a pistol, was made several days before he was detected carrying a pistol concealed. If the fact of the offer was admissible as evidence, it would be admissible for no other purpose than to connect the act of carrying the pistol with the communicated threat—to show that the act was caused by the threat. The connection between an act *prima facie* criminal, and a fact or circumstance which may excuse it, can not be shown by the declarations of the party accused made prior to, and in contemplation of the act. Such declarations are self-serving, are capable of concoction as part of a scheme of crime, and are not admissible as evidence for the party making them.—Whart. Crim. Ev. § 268.

Let the judgment be affirmed.