## No. 296.

### STATE OF LOUISIANA VS. SEYMOUR JEFFERSON.

1. In case the proof shows that the accused was the aggressor in the affray which resulted in the homicide, proof of an attack made by the deceased upon the accused on the day previous thereto, is inadmissible for the purpose of establishing the *status* of the accused as acting in his own right, or that he acted at the time of the homicide under the belief that he was in imminent danger of death or of great bodily harm.

2. The trial judge charged the jury that "it is incumbent on the State to prove the offense charged, or legally included in the indictment to [their] satisfaction, beyond a' reasonable doubt; and before [they] can convict the accused they must be satisfied from the evidence that he is guilty beyond a reasonable doubt.

"A reasonable doubt, gentlemen, is not a mere possible doubt; it should be an actual or substantial doubt. It is such a doubt as a reasonable man would seriously entertain. It is a serious, sensible doubt, such as you could give good reason for."

This is a concise and absolutely correct exposition of the law as applicable to reasonable doubt.

State vs. Jefferson.

3. The Supreme Court will not interfere with district judges in the manner of conducting their courts, or of enforcing rules of propriety and decorum on the officers of court.

4. It is not good ground for an application for a new trial, that, in the course of his argument before the jury, the District Attorney made use of improper remarks, unexcepted to at the time, which had the tendency to improperly influence the jury against the accused.

APPEAL from the Sixteenth District Court, Parish of East Feliciana. *Brause, J.*

*J. Henry Shepherd*, District Attorney, for the State, Appellee:

*W. F. Kernan* for Defendant and Appellant:

1. Testimony of a personal difficulty the evening previous is admissible for the purpose.

(a) Of establishing the status of the accused as acting, at the time of the homicide, in his own right.

(b) And that the accused believed at the time he was in danger of death or of serious bodily harm, and to enable the jury to determine whether or not he had reasonable grounds to so believe.

(c) And to determine who was the aggressor. Whar. Hom., 2d Ed., Secs. 694, 695;. State vs. Claude, 35 An. 74, 75; Whar. Crim. Law, 8th Ed., Sec. 641.

2. That whether the accused believed himself in danger of death or of great bodily harm, and whether he had reasonable grounds to so believe, are facts to be determined by the jury. State vs. Garic., 35 An 970; Whar. Crim. Law, 8th Ed., Sec. 641; Whar. Hom., 2d Ed. 517; 23 Ala. 28; 26 Ala. 31.

That the lower court erred in refusing to give the requested charge on "reasonable doubt," viz.: that "The evidence should be so clear and conclusive as to satisfy their minds to a moral certainty that the accused is guilty of the crime charged, and'that he erred in charging the jury. A reasonable doubt, gentlemen, is not a mere possible doubt; it should be actual or substantial doubt. It is such a doubt as a reasonable man could seriously entertain. It is a serious, sensible doubt, such as you could give a good reason for. It is not sufficient you should believe his guilt only probable. In fact no degree of probability merely will authorize a conviction, but the evidence must be of such a character and tendency as to produce a moral certainty of the prisoner's guilt to the exclusion of reasonable doubt. The evidence should be such as to satisfy your minds to a certainty beyond a reasonable doubt that the accused is guilty of the crime charged, otherwise you should acquit."

That the said charge is vague, uncertain, indefinite, and left the jury to infer that if they seriously believed the defendant guilty, they should convict. People vs. Ferry, 24 Pac. Rep. 83; The Webster Case, 190; 5 Cush. 319, 320; Bishop Crim. Prac., Vol 1, Sec. 1052; Winter vs. State, 20 Ala. 39; People vs. Bemmerly, Cal., 25 Pac. Rep. 266; People vs. Wohlfrom, Cal., 26 Pac. Rep. 236.

The accused, being entitled to the benefit of a reasonable doubt, had the right to have it fully defined and clearly explained to the jury.

That the trial judge erred in refusing to receive evidence on the motion of a new trial, and to have the same reduced to writing, or to make a statement of

State vs. Jefferson.

the remarks used by the District Attorney in his opening and closing arguments to the jury. State vs. Seiley, 41 n. 146; State vs. Hyland, 36 An. 88; State vs. Anderson, 42 An. 590.

5. Where the District Attorney in his argument appeals to the prejudices of the jury, or declares his personal belief that the defendant is guilty, it is such misconduct as will warrant a new trial. Moss vs. Sanger, Tex., 12 S. W. Rep., 608; Hardy vs. State, Tex., 13 S. W. Rep. 1008; Washington vs. State, Ga., 13 S. E. Rep. 131; People vs. Hess, Mich., 48 N. W. Rep. —; Raggio vs. People, Ill., 26 N. E. Rep. —; Railroad vs. Randall, Ga., 11 S. E. Rep. 706; Brown vs. Swineforth, 44 Wis. 282, 293; Berry vs. State, 10 Ga. 511, 522; Mitchum vs. State, 11 Ga. 615; Forsyth vs Cothran, 61 Ga. 278; Thompson on Jury Trials, Vol. 1., Secs. 963, 965.

---

The opinion of the court was delivered by

WATKINS, J. The defendant was indicted for murder, convicted of manslaughter, and sentenced to imprisonment in the State penitentiary for seven years, and prosecutes this appeal therefrom on the several grounds enumerated in the record.

I.

The *first* question presented for consideration is whether the trial judge erroneously excluded evidence offered for the purpose of showing that the deceased beat the defendant on the head with a large, heavy club, causing the blood to flow freely; and that this occurred on the evening antecedent to the homicide—this testimony being offered for the purpose " of establishing the *status* of the accused as acting in his own right;" and of showing " that at the time of the homicide he acted under the belief that he was in danger of death or grevious bodily harm, and that he had reasonable grounds for such belief."

Counsel states in his printed argument that he did not offer this evidence for the purpose of justification in killing the deceased, but that it was offered for the purpose of establishing "the *status* of the accused as acting in his own right; and that, at the moment of killing, he had reasonable grounds to believe, and did believe, he was in danger of death, or of grevious bodily harm."

This, in our opinion, is a distinction without a difference, for the only ground upon which such evidence could be admissible is that it justified the homicidal act; and it is a well-established rule that, in order that such testimony should be admissible, there must be satisfactory proof of an *actual* physical attack, or hostile demonstration made by the deceased *at the time of the homicide*. For, if such were

not the case, the accused could not reasonably believe he was in imminent danger of death or of great bodily harm.

If there were a question as to whether the attack was made by the deceased or the accused in the fatal encounter, it would be competent to show, by prior declarations of either party, that the attack was the one he intended to make. It is likewise permissible to prove antecedent acts and declarations for the purpose of showing the *quo animo*, or of rebutting the charge of malice. Wharton on Homicide, 694 and 695.

But in this case it clearly appears that the accused was the attacking party, armed for the fray, and that he actually killed the deceased while he was making an effort to arm himself for his defense. This being the situation of the parties, the proffered evidence of the attack made by the deceased on the defendant upon the evening previous was not competent. It constituted no part of the *res gestæ*. Instead of *mitigating* the crime, it would have had rather a tendency to aggravate it.

## II.

The *second* question in the case is whether the judge properly charged the jury on the question of a reasonable doubt.

Defendant's counsel requested the court to charge the jury as follows, viz.:

" The accused is presumed to be innocent until he is proved to be guilty beyond a reasonable doubt. A reasonable doubt is not a mere possible doubt; it should be an actual and substantial doubt, not mere possibility or speculation. The evidence should be so clear and conclusive as to satisfy your minds to a moral certainty that the accused is guilty of the crime charged, otherwise you should acquit."

The court refused to give this charge as requested, but instead thereof charged the jury:

" It is incumbent on the State to prove the offence charged, or legally included in the indictment, to your satisfaction, beyond a reasonable doubt, and before you can convict the accused you must be satisfied from the evidence that he is guilty beyond a reasonable doubt.

" A reasonable doubt, gentlemen, is not a mere possible doubt; it should be an actual or substantial doubt. It is such a doubt as a reasonable man would seriously entertain. It is a serious, sensible doubt, such as you could give a good reason for. It is not sufficient

you should believe his guilt only probable. In fact, no degree of probability merely will authorize a conviction, but the evidence must be of such a character and tendency as to produce a moral certainty of the prisoner's guilt, to the exclusion of reasonable doubt. The evidence should be such as to satisfy your minds to a certainty, beyond a reasonable doubt, that the accused is guilty of the crime charged, otherwise you should acquit.''

The court adds: "The court charged verbatim, all except the last sentence, and refused that on the ground that, in the written charge in the record, it had already charged the jury fully upon reasonable doubt, and substantially and almost in the same words of the said last sentence of said requested charge.''

In our opinion, the charge given by the judge was clear, concise, and exactly in keeping with the law on the subject. In the main, it follows the language contained in the defendant's requested special charge, and we can not discover any well-grounded objection to it. On the contrary, it meets our unqualified approval.

## III.

The *third* question in the case is in reference to certain remarks made by the District Attorney, in the course of his argument before the jury, and to which defendant's counsel excepted and reserved a bill of exceptions.

The remark objected to was, that " if jurors do not convict people who have been so clearly shown to be guilty as this defendant has been in this case, you might as well tear down the court-house:''

This statement is a strong one, and one possibly unauthorized by the evidence; but we are not prepared to say the judge erred in not directing the District Attorney to withdraw it, or in not instructing the jury to disregard it altogether. The jury are the sole and exclusive judges of the facts given in evidence, and upon *that* evidence they must determine the guilt or innocence of the accused.

The judge is prohibited from charging the jury on the facts in evidence.

Had he denied the correctness of the statement of the District Attorney, he might have been understood by the jury as expressing an opinion on the facts of the case favorable to the accused, as that

of the District Attorney was unfavorable to him, and in thus attempting to correct one error, committed another one.

In State vs. Garig, 43 An. 365, we gave full and exhaustive consideration to a similar question, and, after making a collation of pertinent authority, said:

" So, in this case, had the judge acceded to the wishes of the prisoner's counsel and permitted him to have made an explanation to the jury in reference to the questioned statement of the District Attorney, they might have received the impression that the judge conceded its correctness and allowed such impression to have influenced their verdict."

As we had occasion to say in State vs. Duck, 35 An. 704, "this court can not and will not interfere with district judges in the manner of controlling their courts, or enforcing rules of propriety and decorum on the officers of court;" so we repeat here.

We think the district judges can be safely intrusted with the proper control and management of their courts, and the conduct of business therein. In the present instance we can not say that the judge erroneously exercised his discretion.

The *fourth* ground of objection is that, on application for a new trial, the defendant's counsel was not permitted to prove that the District Attorney had made, during the course of his argument, certain other prejudicial statements. The District Judge assigns as his reason for rejecting the evidence that the defendant's counsel urged no objection to such statements at the time they were made, and reserved no bill of exceptions; and, consequently, same could furnish no ground for a new trial. In this ruling the judge did not err. If the defendant's counsel made no objection, and retained no exception, at the time such objected statement was made, we can not perceive with what propriety same can be assigned as relievable error in an application for a new trial.

This question does not come within the principle announced in State vs. Searley, 41 An. 146. That case relates to a question of the admissibility of certain alleged dying declarations in evidence; and in aid of the court in determining that question it was held that the accused had the right to have the testimony reduced to writing and annexed to a bill of exceptions. Here the question is whether an isolated and independent *fact*, altogether disconnected from the evidence, and to the accomplishment of which no objection was

urged at the time, can be proven in support of an application for a new trial. There is no similitude between the two cases.

There is no doubt of the fact that the strong and impassioned appeals of prosecuting officers often exercise strong influence over the minds of jurors, but it is the duty of the presiding judge to correct any such impression as they may make, by a concise and emphatic charge, to which all right-minded jurors will listen, and act accordingly.

We think the judgment should be affirmed, and it is so ordered.