WILLIAM MORRISON v. THE STATE.

No. 931.   Decided February 15, 1911.

Rehearing Denied March 22, 1911.

1.—Aggravated Assault—Charge of Court—Adequate Cause—Insulting Language to Female Relative.

Where, upon trial of assault with intent to murder, the court in his charge on aggravated assault for insulting language to a female relative, submitted this issue to the jury as one of fact to determine whether such language was adequate cause, instead of submitting it as adequate cause in law, the same was reversible error.

2.—Same—Charge of Court—Question as to whether Insulting Language was Used.

Where, upon trial of assault to murder, the court in submitting aggravated assault based on insulting language to a female relative, required the jury to find that such insulting language must have been used in fact by the injured party, the same was reversible error; especially where such party denied having used such language and the defense testimony was attacked.

Appeal from the District Court of Mitchell.   Tried below before the Hon. Jas. L. Shepherd.

Appeal from a conviction of aggravated assault; penalty, a fine of $500.

The opinion states the case.

*F. G. Thurmond,* for appellant.—On the question of the court's charge on insulting language to female relative:   Hightower v. State, 56 Texas Crim. Rep., 248; Brumley v. State, 21 Texas Crim. App., 222; Fossett v. State, 41 Texas Crim. Rep., 400, 55 S. W. Rep., 497; Roquemore v. State, 59 Texas Crim. Rep., 568, 129 S. W. Rep., 1120.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of the court's charge on adequate cause:   Fossett v. State, 41 Texas Crim. Rep., 400, 55 S. W. Rep., 497.

DAVIDSON, PRESIDING JUDGE.—Under an indictment charging an assault with intent to murder, appellant was convicted of an aggravated assault, the jury assessing his punishment at a fine of $500.

Insofar as the questions at issue are concerned, it may be sufficient to state that on the 4th of December a little difficulty occurred between appellant and the alleged assaulted party, Leslie.   Leslie was county attorney, and made derogatory remarks in regard to appellant, as testified by appellant and his witnesses.   However, they had a little personal difficulty, not of any serious import.   On the 8th of the same month, in the presence of two or three parties, appellant was informed of the fact that Leslie remarked as his, appellant's, wife rode up on horseback to the postoffice, that no decent woman would ride astride. Mrs. Morrison, wife of appellant, was so riding.   Shortly afterward this was communicated to appellant, and not long thereafter, and the

same evening, appellant resented the remark by making the assault upon which this conviction is predicated. Leslie testified for the State, and denied having made the remark. One of the witnesses who heard the remark was impeached by several witnesses, to the effect that his reputation for truth and veracity was bad. It was sought also to discredit the testimony of another witness who testified he heard the same remark uttered by Leslie.

1. The charge of the court submitting the issue of adequate cause as a predicate for a conviction of aggravated assault is seriously criticised. That particular portion of the charge reads as follows: "If you believe from the evidence in this case that Jim Bellah told William Morrison that Leslie had uttered insulting words concerning Morrison's wife, and Morrison believed the same, then such words, if there were any, and they were of an insulting character, would be adequate cause." One of the contentions is that this charge left the jury to determine two propositions: First, that Leslie uttered the words, and second, if he did, they were insulting in their character. We believe the criticism of the charge is correct. Wherein the statute prescribes that certain things constitute adequate cause, the court should instruct the jury that such constitute adequate cause and not leave it, as a matter of fact, to be ascertained by the jury. Insulting conduct of or towards a female relative, as a matter of law, is prescribed by the Legislature as adequate cause. The court would not be justified in submitting the issue to the jury to determine whether such was insulting language, but must charge the jury, as a matter of law, that such insulting language is adequate cause. This question has been frequently decided by the court in construing our statute in regard to adequate cause and sudden passion.

2. Again, we are of opinion that the charge as given leaves it, as a matter of fact, for the jury to determine whether such insulting language was used by Leslie. Under the facts of this case this was not the criterion for the simple reason that appellant was not present when the insulting language was used, and only heard of it. The language was communicated to him by the witness Webb. The jury might believe Leslie's statement that he did not use the language, and thus find the issue against appellant. The criterion is, whether appellant believed that the language was uttered and acted upon that belief. It will not do to lay down the rule, in the light of all subsequent matters as viewed by the jury at the time of the trial, whether the language was uttered or not. The criterion would be, first, whether appellant was informed of the fact, and second, that he believed same to be true and acted upon it. The jury might take Leslie's version of the matter, that he did not utter the words, and if Leslie was on trial for something growing out of the matter, we would have a different proposition, but appellant was on trial. The words were communicated to him and he acted upon them. The question was not whether the jury believed the words were uttered, but that appellant believed it. It oc-

curs to us that the charge is given in such manner as to leave this matter to the jury to determine whether the words were in fact uttered, and not that appellant believed they were uttered. In another clause of the charge the court instructs the jury as follows "By the expression, 'under the immediate influence of sudden passion,' in this case, is meant that the passion must have arisen at the time Morrison heard of, *if he did hear,* insulting words spoken about his wife, and that the passion was not the result of a former provocation." In this particular quotation the court seems to throw doubt upon the fact that the insulting language was communicated to appellant. This is simply stated to show and emphasize the fact that the court should not have left the matter for the determination of the jury as to whether this was adequate cause, but should have instructed the jury directly that if the imputed language was conveyed to appellant, that it would constitute adequate cause. In this connection it may be further stated that there was severe attack made upon the evidence of the witnesses Bellah and Webb, the witnesses who testified to the use of the language by Leslie, and in addition Leslie denied using the language. Had appellant been awarded the minimum punishment, this error may not have amounted to much. He was given $500 as his punishment, and the jury could have assessed $25. In view of this heavy fine, we are of opinion that the error is of such magnitude and gravity as to require us to reverse the judgment, which is accordingly done and remanded for another trial.

*Reversed and remanded.*

[Rehearing denied March 22, 1911.—Reporter.]