W. F. POWERS v. THE STATE.

No. 6087.   Decided February 9, 1921.

1.—Murder—Evidence—Declarations by Defendant.

Where, upon trial of murder, there was evidence that some time prior to the homicide an altercation and misunderstanding arose between the parties with reference to the conduct of their children, etc., there was no error in permitting the State to introduce declarations of defendant made prior to the homicide, expressing fear of trouble by reason of the episode with reference to said children, and seeking permission to carry a pistol. Following McKinney v. State, 8 Texas Crim. App., 626, and other cases.

2.—Same—Evidence—Declarations of Defendant—Part of Declaration or Conversation.

The State having introduced these declarations of the defendant, as to the episode with the children, on the issue of his motive, it was defendant's

right to introduce testimony in this connection of certain letters and postal cards written by the deceased to the wife of the defendant; that appellant had exhibited these letters, stating that the deceased had used insulting words and conduct toward the defendant's wife, as this testimony is explanatory of that offered by the State, relating to the episode of the children, etc. Following Jackson v. State, 55 Texas Crim. Rep., 79.

### 3.—Same—Evidence—Rule Stated—Declarations By Defendant—Animus.

The State, by the declaration of the defendant, sought to show his *animus* toward the deceased, it was therefore, competent for the defendant to introduce the same character of testimony upon the same issue. Following Hill v. State, 52 Texas Crim. Rep., 245, and other cases.

### 4.—Same—Declarations by Defendant—Evidence—Other Transactions.

Upon trial of murder, there being evidence introduced by the defendant that his life had been threatened by the deceased, and that this was in connection with efforts on the part of the deceased to enter into improper relations with defendant's wife, the State was within its rights to prove that the defendant had whipped the children of the deceased, as tending to explain the alleged threat made by the deceased, etc., and evidence that after such whipping of the children the relations between the parties were friendly, was not conclusive against the State; however, the details of such whipping were not admissible in evidence. Following Stanley v. State, 62 Texas Crim. Rep., 306, and other cases.

### 5.—Same—Evidence—Husband and Wife—Charge of Court—Improper Conduct Toward Female Relatives.

Where, upon trial of murder, the State controverted the alleged claim of defendant that the deceased had been guilty of improper conduct towards the wife of the defendant, and the defendant sought by appropriate exceptions to the court's charge and by requested charges, to have the jury advised that in passing upon the issue of adequate cause growing out of insulting words and conduct towards the wife of the defendant, the criterion was not whether the deceased was in fact guilty of the act or words, but whether the defendant had been informed that such was the case and believed it to be true, the court's failure to submit such requested charges, under the facts of the instant case, was reversible error. Following Jones v. State, 33 Texas Crim. Rep., 492, and other cases.

Appeal from the District Court of Tyler. Tried below before the Honorable D. F. Singleton.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*J. B. Force, G. E. Richardson,* and *Robt. A. Shivers,* for appellant. —On question of admitting testimony as to previous trouble between the parties about their children: Brown v. State, 112 S. W. Rep., 80; Gardner v. State, 117 id., 148.

On question of insulting conduct by deceased towards defendant's wife and exhibition of certain letters and post card: Sherar v. State, 17 S. W. Rep., 621; Bereal v. State, 225 S. W. Rep., 252.

On question of insulting conduct toward female relative and re-quested charge thereon: Gillespie v. State, 109 S. W. Rep., 158; Fuller v. State, 113 id., 540; Akin v. State, 119 id., 863.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for murder; punishment fixed at confinement in the penitentiary for twenty-five years.

The appellant shot and killed Maxey Wise. It was the State's contention that malice inspired him. Appellant's theory is that the act resulted from passion aroused by adequate cause which rendered him incapable of cool reflection. These issues were submitted to the jury.

The parties and their families were neighbors. Sometime prior to the homicide the children of both engaged in conduct which required that they be chastised. Learning of this conduct, the appellant, during the absence of the deceased, went to his home and demanded of his wife the privilege of whipping the children. She assented and the children were whipped by the appellant. There is much evidence to the effect that this incident did not disrupt the friendly intercourse of the families.

The State introduced evidence of the declarations of appellant, made prior to the homicide, expressing fear of trouble by reason of the episode in which the children were whipped and seeking permission to carry a pistol. The court committed no error in admitting this testimony. It was illustrative of the mental attitude of the appellant toward the deceased and bore upon his motive for the homicide. It came within the class of declarations, which, without exception, is held receivable. Wigmore on Evidence, Vol. 3, Sec. 1732; Wharton on Criminal Evidence, Vol. 2, Secs. 902 and 920; McKinney v. State, 8 Texas Crim. App., 626; Branch's Ann. Penal Code, Sec. 1881-1882.

The State having introduced these declarations of the appellant on the issue of his motive, we think, it was his right to prove by his witness Shivers that appellant exhibited to him certain letters and postal cards written by the deceased to the wife of appellant and that in connection with such exhibition the appellant stated that the deceased had used insulting words and conduct toward the appellant's wife. This testimony bore upon the issue proffered by the State as to the state of appellant's mind toward the deceased, gathered from his declarations made before the homicide, upon the motive upon which he acted. This evidence was explanatory of that offered by the State, and, we believe, comes within the purview of Article 811 of the Code of Criminal Procedure, in which it is said: "When a declaration or conversation is given in evidence, any other declaration which is necessary to make it fully understood or explain the same may also be given in evidence."

This statute has been given interpretation in many cases which will be found collated in Vernon's Texas Crim. Statutes, Vol. 2, pages 759-

760. Illustrative of their purport, we refer to the case of Jackson v. State, 55 Texas Crim. Rep., 79.

Whether embraced within the statute mentioned or not, the testimony should have been received. The State, by the declarations of the appellant, sought to show his *animus* toward the deceased. It was competent for the appellant to introduce the same character of testimony upon the same issue. That which was rejected tended to corroborate the theory of the appellant and was opposed to that of the State touching the motive which operated upon the mind of the appellant. Hill v. State, 52 Texas Crim. Rep., 245. The evidence "that a short time prior to his departure for Dallas the deceased declared his intention to endeavor to establish improper relations with the appellant's wife, and stated that she was quite friendly and that he would make her afraid to tell the appellant, and that he did not fear the appellant" was of a character which, we think, in previous decisions of this court, has been held admissible. Fossett v. State, 41 Texas Crim. Rep., 400; Davis v. State, 70 Texas Crim. Rep., 43; Hill v. State, 52 Texas Crim. Rep., 241; Bereal v. State, 88 Texas Crim. Rep., ——, 225 S. W. Rep., 252; also Wigmore on Evidence, Sec. 332.

In McAnear v. State (43 Texas Crim. Rep., 522), the court excluded letters written by the deceased containing declarations confirmatory of the theory of the accused concerning the relations of the deceased with a female relative of McAnear. This court refused to sanction the ruling, stating: "We know of no rule of law authorizing exclusion of any evidence that makes manifest the guilt of the defendant or that tends in the remotest degree to exculpate him. This testimony, as stated, if true, would have demonstrated to the jury, beyond any reasonable doubt, that the cause of the killing was the improper relation of deceased with appellant's sister."

In Davis v. State the declaration of the deceased showing insulting conduct toward the wife of the accused was under consideration. The court, holding that the evidence was admissible, said: "Proof of uncommunicated remarks of similar nature made by deceased about the female relative of defendant is admissible as tending to show the probable truth of insults that had been communicated."

The same ruling is found in Walker v. State, 70 Texas Crim. Rep., 88. The reasons for receiving such testimony, though not communicated to the accused on trial, are tersely stated by Judge LATTIMORE in Bereal v. State, 88 Texas Crim. Rep., 138, 225 S. W. Rep., 252.

There being evidence introduced by the appellant that his life had been threatened by the deceased and that this was in connection with efforts on the part of the deceased to enter into improper relations with appellant's wife, the State was within its rights in proving that the appellant had whipped the children of the deceased. This was a transaction which might have engendered ill-feeling by the deceased against the appellant and tended to explain the alleged threat made by the deceased in a manner inconsistent with the color placed upon it by

the testimony adduced by the appellant.  Moreover, the relation of his
whipping of the children to the declaration of the appellant that be-
cause thereof trouble with the deceased was anticipated sustains the
relevancy of the episode.  It was neither disconnected nor collateral
but was a matter bearing directly upon the state of feelings between the
parties and throwing light, for the use of the jury, upon the cause of
any such ill-feeling as may have been disclosed.  The evidence going
to show that after the whipping of the children the relations between
the parties were friendly was not conclusive against the State.  We,
however, discern nothing in the record which rendered relevant the
details of the whipping of the children.  Ware v. State, 36 Texas Crim.
Rep., 597; Stanley v. State, 62 Texas Crim. Rep., 302; Menefee v.
State, 67 Texas Crim. Rep., 203.

By cross-examination of the appellant's wife and by circumstances,
the State controverted the alleged fact that the deceased had been
guilty of improper conduct toward her.  The appellant sought, by ap-
propriate exceptions to the court's charge and by special charges, to
have the jury advised that in passing upon the issue of adequate cause
growing out of insulting words and conduct toward the wife of the
appellant, the criterion was not whether the deceased was, in fact,
guilty of the acts or words, but whether the appellant had been in-
formed that such was the case and believed it to be true.  The courts
recognize this rule to be a correct one.  They take cognizance of the
fact that the consequences of information received and believed would
be the same upon the mind of the accused in the event the information
was false as though it were true.  Jones v. State, 33 Texas Crim.
Rep., 492; Morrison v. State, 61 Texas Crim. Rep., 223.

From the evidence it appears that about three weeks before he was
killed the deceased went to Dallas to attend a mechanical school; that
while there he wrote a letter and some postal cards to appellant's wife.
These were not explicit but were interpreted by appellant as sugges-
tive of improper relations.  There was evidence from one of the State's
witnesses that prior to the homicide appellant mentioned certain letters
that his wife had received and referred to the fact that the deceased
had been guilty of insulting conduct toward her.  There was also evi-
dence that appellant had written a letter to the deceased.

The wife of appellant testified that on the day he left for Dallas,
the deceased's words and conduct toward her were insulting and that
she informed her husband.  According to the testimony of the appel-
lant, he killed the deceased upon the first meeting with him after re-
ceiving this information from his wife and after he learned of the
letters and postal cards.  The return of the deceased was unexpected.
On his arrival appellant was at the depot, and according to his version,
demanded of the deceased an explanation of his conduct, which the de-
ceased declined to give, stating that it was none of his (appellant's)
business.  Appellant claims that enraged by the conduct of the de-
ceased, he fired the fatal shots.  Upon these facts the court, having

omitted in his main charge to inform the jury that it was not essential that they believe that the insulting words took place, should, in response to appellant's exceptions and request for special instructions, have supplied this omission in his charge. His failure to do so, under the facts, may have seriously prejudiced the case of the appellant. We regard the error a material one. From what has been said it follows that, in the opinion of the court, the judgment should be reversed and the cause remanded. Such is the order.

*Reversed and remanded.*