(90 South. 33)

## BOWLING v. STATE. (8 Div. 799.)

(Court of Appeals of Alabama. June 30, 1921.)

**1. Homicide ☞158(2)—Defendant's threat to get deceased properly admitted.**

Declarations of the accused prior to the homicide, expressing ill will or menace against the deceased, are admissible against him, and in a prosecution for murder the state was entitled to show a threat by defendant about a week before the homicide that defendant would get deceased.

**2. Criminal law ☞366(3)—Homicide ☞193 —Evidence of what happened after the difficulty between deceased and defendant inadmissible and not part of the res gestæ.**

In a prosecution for murder, there was no error in excluding evidence that right after the fight witness found a pistol in his store that deceased had left there, and that immediately after the fight deceased went to his store and got his pistol; there being no dispute but that deceased was killed by defendant, and that deceased had no pistol at the time of the difficulty, and at the time such testimony was offered there had been no testimony offered to show self-defense, and the acts sought to be shown were not part of the res gestæ.

**3. Homicide ☞164—Evidence of defendant's physical condition not confined to the time of the difficulty excluded.**

In a prosecution for homicide, defendant's offer of testimony as to his physical condition was properly refused, as not confined to his condition at the time of the difficulty.

**4. Criminal law ☞413(1)—Defendant's self-serving declaration excluded.**

In a prosecution for murder, it was proper to exclude defendant's self-serving declaration that after deceased threatened him he asked the chief of police for protection.

**5. Criminal law ☞448(6) — Conclusion evidence inadmissible.**

Defendant's testimony that deceased was a strong and powerful man was a conclusion.

**6. Homicide ☞190(6) — Deceased's general threats excluded.**

In a prosecution for murder, evidence of deceased's general threats were properly excluded; there being nothing to indicate they were directed at defendant.

**7. Criminal law ☞844(1) — Objectionable statements of charge must be pointed out.**

In a prosecution for murder, defendant's exception to a part of charge without designating the objectionable statements is insufficient.

**8. Criminal law ☞829(1)—Refusal of charge covered by another not error.**

Refusal of a charge substantially covered by another charge is not error.

**9. Homicide ☞300(13) — Refusal of charge omitting jury's investigation as to defendant's freedom from fault not error.**

In a prosecution for murder, the refusal of a charge that omitted the necessary investigation on the part of the jury from the evidence of the doctrine of freedom of fault in bringing on the difficulty was not error.

**10. Criminal law ☞811(1) — Instructions which single out evidence properly refused.**

Charges that single out the evidence were properly refused.

**11. Criminal law ☞789(4)—Charge held properly refused as argumentative.**

Charges that the law is not vindicated by defendant's conviction unless the jury believe him guilty beyond a reasonable doubt and to a moral certainty, and that conviction, if not proven beyond a reasonable doubt, does not make for enforcement of law, were properly refused, as argumentative.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Robert Bowling was convicted of murder in the second degree and appeals. Affirmed.

Defendant is charged with the killing of one Jim Contoroupis, by cutting him with a knife.

The following are the questions propounded to the witness Robinson:

"Did you hear this man curse anybody or threaten to do anything to anybody?" and also "Did you see Mr. Bowling at that time? Did you see a man standing in the Plaza Restaurant, at the back door?"

The witness had testified previously that he saw a man, but did not know who the man was, but that he saw a man with a rock in each hand and the man was a black-haired, dark-eyed man, and he was standing at the corner of the Darby-King hardware store. The questions to the witness Taylor had reference to a few days before the difficulty occurred, and sought to elicit the fact that the dead man had some rocks in his hand, and was talking about the defendant and making threats.

The following charges are referred to in the opinion as being refused to the defendant:

(11) It is not necessary under the evidence in this case that the defendant should have been actually in danger of death or of great bodily harm at the time he cut the defendant in order for him to have been justified in cutting him, he had the right to act upon the reasonable appearance of things at the time, taken in connection with the light of all the evidence, and he had the right to interpret the conduct of the deceased in the light of any threats that the evidence shows the deceased had made against the defendant, if the evidence shows that any such threats were made. If the circumstances attending the killing were such as to justify any reasonable man in the belief that he was in danger of death or great bodily harm, and he honestly believed such to be the case, then he had the right to cut the deceased in his own defense, although as a matter of fact, he was in no actual danger, and if the jury believe that the defendant acted under such con-

ditions and such circumstances as above set out the jury should find the defendant not guilty.

(28) The law is not vindicated by the conviction of the defendant, unless you believe the defendant is guilty beyond a reasonable doubt and to a moral certainty.

(D) The conviction of the defendant, if not proven guilty beyond a reasonable doubt, does not make for the enforcement of the law.

Simpson & Simpson, of Florence, for appellant.

The court erred in declining to admit the testimony relative to the pistols of the two parties and where they were left. 138 Ala. 57, 34 South. 993; 16 C. J. 572–576. Declarations just prior to the offense are admissible. 11 Ala. App. 8, 65 South. 422; 16 C. J. 577–579; 87 Ala. 211, 6 South. 41, 13 Am. St. Rep. 23; 156 Ala. 577, 47 South. 109; 124 Ala. 14, 26 South. 979; 81 Ala. 2, 1 South. 179, 60 Am. Rep. 133; 83 Ala. 287, 3 South. 671; 96 Ala. 24, 11 South. 255; 14 Ala. App. 35, 70 South. 979; 55 Fla. 77, 46 South. 297; 106 Ala. 32, 17 South. 456. The defendant should have been permitted to show threats made by the deceased. 141 Ala. 51, 37 South. 359; 130 Ala. 35, 30 South. 429; 140 Ala. 1, 37 South. 90; 129 Ala. 71, 30 South. 73. The physical condition and size of the participants was admissible. 146 Ala. 51, 41 South. 621; 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17. Counsel discuss other assignments of error, but without further citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was indicted for murder in the first degree, convicted of murder in the second degree, and sentenced to the penitentiary for a term of ten years.

There are numerous objections and exceptions to the introduction of testimony by the state, as well as numerous exceptions to the refusal of the court to permit defendant to introduce certain testimony. In many instances where objections were made to questions propounded by the solicitor and objection made thereto, the record discloses the question was never answered, and we also find in the record many instances where defendant offered to introduce certain testimony and objection thereto was sustained, that such testimony was afterwards brought out, and went to the jury without objection. This much is said in order that it may be understood why each such bit of testimony is not separately discussed herein.

[1] Declarations of accused prior to a homicide expressing ill will or menace against decedent, are admissible in evidence against him, and for this reason the state by the witness George Key was entitled to show a threat made by the defendant about a week before the homicide, to the effect that defendant would get deceased. 8 Michie's Dig. p. 241; Ex parte State, 181 Ala. 4, 61 South. 53; Holland v. State, 162 Ala. 5, 50 South. 215; Humpries v. State, 2 Ala. App. 1, 56 South. 72.

[2] The defendant sought to show by Leon Caver on cross-examination that—

"Right after the fight he found a pistol in his store that deceased had left there," "that immediately after the fight deceased went in his store and got his pistol," and that after the fight witness "had found some cartridges and a pistol in his store, where he had seen the defendant beforehand put something down."

There are several reasons why the trial court was not in error in excluding this testimony. There was no dispute but that the deceased came to his death from a knife wound inflicted by the defendant; that deceased did not have a pistol at the time of the difficulty, and at the time of the offer to introduce the above testimony there had been no testimony offered tending to show self-defense. The acts sought to be shown cannot from the evidence be said to be of "the res gestæ, nor was there any testimony to show that the defendant knew of the circumstances referred to. Crumpton v. State, 167 Ala. 4, 52 South. 605; Robinson v. State, 108 Ala. 14, 18 South. 732; Wilson v. State, 140 Ala. 43, 37 South. 93.

Moreover, the exclusion of the testimony could not have been hurtful to the defendant, for evidence of this character, if true, could have but tended to show that the deceased had disarmed himself before the fatal difficulty. We are also of the opinion that the above cases uphold the correctness of the ruling of the trial court in refusing to permit the witness Ham to testify that after the difficulty he took charge of a pistol that belonged to deceased at the Bell Tailoring Company, and in refusing to permit the witness Dorby to testify that shortly before the difficulty deceased purchased some cartridges from him. Crumpton v. State, supra.

[3] The defendant sought to prove that he was ruptured and physically weak. If relevant, the objection was properly sustained, as the testimony is not confined to the condition of defendant at the time of the difficulty. However, the testimony was not legal. Dunn v. State, 143 Ala. 67, 39 South. 147; Mann v. State, 134 Ala. 1, 32 South. 704.

[4, 5] It was not permissible for the defendant to show, after the deceased had threatened him, that he (defendant) asked the chief of police for protection. This was nothing short of a self-serving declaration on the part of the defendant; neither was it material or competent for him to show that he went to see the chief of police. For the defendant to state that the deceased was a very strong

and powerful man was inadmissible, as a mere conclusion of the witness.

[6] The objections to the questions propounded to the witnesses Robinson and Taylor were properly sustained. The threats sought to be elicited were general, and there was nothing to indicate that they were directed at the defendant.

[7] The bill of exceptions recites that the defendant excepted to that part of the charge defining murder in the second degree. An exception, merely describing the subject treated by the court in an oral charge, and not exactly designating the objectionable statements, is insufficient. Cowart v. State, 16 Ala. App. 119, 75 South. 711.

[8] Refused written charge 6 was substantially covered by given written charge 3, and there was no error in refusing it.

[9] Refused written charge 11 omits the necessary investigation on the part of the jury from the evidence of the doctrine of freedom from fault in bringing on the difficulty, and it was properly refused.

Refused written charges 12 and 13 were substantially given in written charges 9 and 10.

[10, 11] Charge 28 and (D) are argumentative, while charge (A) singles out the evidence.

We find no reversible error in the record, and the judgment of the trial court is therefore affirmed.

Affirmed.