BRICE *v.* STATE.

(In Banc. May 25, 1933. Suggestion of Error Overruled Oct. 30, 1933.)

[148 So. 348. No. 30356.]

**J. N. Yawn,** of Brookhaven, and **J. H. Sumrall,** of Jackson, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

Argued orally by **J. H. Sumrall,** for appellant, and by **W. D. Conn, Jr.,** for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Lincoln county of the crime of manslaughter and sentenced to the penitentiary for the term of twenty years. From that judgment he prosecutes this appeal.

On the night of October 12, 1931, appellant stabbed Nelson Magee to death. The homicide occurred at a circus held on the fair grounds in the city of Brookhaven. Appellant is a negro, and so was the deceased. Appellant claimed self-defense, that Nelson Magee was the aggressor, and that he stabbed deceased in order to save his life or avoid great bodily harm.

The evidence for the state made out a strong case of murder; that appellant was the aggressor; that the deceased was unarmed; and that appellant pursued Magee some fifteen or twenty feet, all the time stabbing him with a knife.

The evidence for appellant tended to show that the deceased was the aggressor and had some sort of a weapon. However, immediately after the deceased fell from the wounds, his person and surroundings were examined, and no weapon was found either about him or on his person. The evidence for appellant further tended to show that the deceased had taken appellant's wife away from him, and had threatened to kill him on several occasions; that until shortly before the homicide the appellant had been out of the neighborhood where he and Nelson Magee resided. The evidence further tended to show that deceased drove appellant away by threats and intimidation.

Appellant contends that he was entitled to a directed verdict because the evidence failed to show beyond a reasonable doubt that the deceased died as a result of wounds inflicted on him by appellant. No physician, nor any other person, testified directly that the wounds caused the death of the deceased, but the evidence shows without conflict these facts: That the deceased fell while appellant was stabbing him; that the deceased was at once examined by bystanders who testified that he had

received several knife wounds and was very bloody; that he was immediately put into an ambulance and carried to a hospital; and that he died within two or three minutes after reaching the hospital. The only reasonable inference from these facts is that the deceased died from the wounds inflicted by appellant. There was no evidence whatever that there was any intervening cause that could have brought about his death. This was a question for the jury, and there was ample evidence to sustain the verdict. Bumpus v. State (Miss.), 144 So. 897.

Appellant offered to show by the sheriff of Lincoln county and the chief of police of the city of Brookhaven that shortly before the homicide he had appealed to them to protect him against the deceased's threatened violence. On the objection of the state, the court ruled out the proposed evidence. This action of the court is assigned and argued as error by the appellant. The general rule is that a defendant's previous expressions of fear of the deceased, and his desire to avoid a difficulty with him, are not admissible in his behalf, unless part of the res gestae, and the defendant's previous efforts to induce a third person to effect a reconciliation between himself and the deceased or an amicable settlement of their difficulties are not admissible in his behalf. Such declarations on the part of the defendant are self-serving; if admitted in the evidence in his behalf, there would be great inducement on his part to fabricate a defense. 16 C. J., pp. 635, 636, sec. 1265; 6 Ency. Evi., pp. 763, 764. The appellate court of Alabama in Bowling v. State, 18 Ala. App. 231, 90 So. 33, 34, said: "It was not permissible for the defendant to show, after the deceased had threatened him, that he (defendant) asked the chief of police for protection. This was nothing short of a self-serving declaration on the part of the defendant; neither was it material or competent for him to show that he went to see the chief of police." However, there is a division of the courts on this question, as will be seen by the notes to the above

reference in the Encyclopedia of Evidence. Texas holds to the contrary, Nelson v. State (Tex. Cr. App.), 58 S. W. 107. In that case the court held that the defendant's request to the public authorities to protect him from anticipated violence at the hands of the deceased, and his declaration that he was afraid the deceased would kill him, were admissible in defendant's favor to show his state of mind at the time of the homicide. Our court, however, has aligned itself with the courts holding that such evidence is not admissible. Newcomb v. State, 37 Miss. 383, and Molphus v. State, 124 Miss. 584, 87 So. 133.

Appellant's request to the sheriff and chief of police was no part of the res gestae. It is true that it occurred a short time before the homicide, but it is also true that the deceased was not present; that the fray resulting in the homicide had not begun. In other words, the res gestae had not come into existence.

Appellant assigns and argues as error what he claims the court ruled with reference to the admission of threats made by deceased against him. Appellant contended that previous threats by the deceased to kill him or do him some great bodily harm were admissible on the issue of who was the aggressor in the difficulty. This contention is not disputed by the state in this court, nor was it disputed in the trial court. The question is whether the court in fact ruled out such evidence. After a careful reading and re-reading of the evidence bearing on this question, we are of opinion that the court admitted all such evidence properly offered. Appellant testified, as did other witnesses, that the deceased had threatened to kill him or do him some great bodily harm. Such evidence went in without objection from the state. Still other witnesses were offered by appellant who proved the same thing, and their evidence was ruled out. Evidently it was ruled out by the court because of the form of the questions propounded to the witnesses by appellant's attorney. Some of them were leading, and by others it was sought to be proved that the deceased had

threatened appellant, without any attempt to show the character of the threats, whether to kill appellant or do him some great bodily harm. The district attorney, appellant's attorney, and the court were not in any disagreement as to the right of appellant to prove that the deceased had threatened to kill him or do him some great bodily harm. On the contrary, they all agreed that he had a right to make such proof. The only trouble was the manner in which he attempted to prove it, examples of which are shown above. Ample evidence went in to show that the deceased threatened more than once to kill appellant. The jury could not reasonably have had any doubt about the existence of that fact.

Affirmed.

**Ethridge, J.**, delivered a dissenting opinion.

I dissent from the majority opinion on the ground that the appellant was entitled to have the fact go to the jury that he appealed to an officer of the law for protection shortly before the fatal encounter. The mere fact alone, of course, is admissible for the defendant, and not the statements which he made to the officer. This may be developed by the state on cross-examination, if it so desires; and, if the state should go into the details of appellant's conversation with the officer, and show only partially what occurred, then the defendant would have the right to develop further details.

It must be remembered in this case that there are direct and sharp conflicts as to who was the aggressor in the difficulty. In such case, that fact is admissible tending to show who the aggressor was. In 6 Encyclopedia of Evidence, page 765, it is said that: "Any fact is admissible which tends to show which party was the aggressor in the conflict immediately resulting in the homicide, where this question is properly in issue. The previous declarations or expressions of intention by either party are admissible. The deceased's expressions to

others of his animosity toward the defendant are admissible to show that he was the aggressor. It is competent to show the previous conduct of the defendant, indicating his peaceable or hostile intentions, or that of the deceased showing his hostile purpose, or his fear of the defendant.''

In Nelson v. State, 58 S. W. 107, the Texas court of criminal appeals specifically held that a defendant was entitled to show that he resorted to a peace officer for protection; the opinion of that court saying that:

''Bill No. 1 complains that the court erred in refusing to permit appellant to prove: That, some three or four hours after appellant had a previous difficulty with deceased, appellant went to the justice of the peace and requested that deceased be put under a peace bond, to prevent deceased from killing him. The request being refused, appellant applied to the city marshal for protection, and, while crying, appellant asked the marshal what he should do. Furthermore, he stated to the marshal that he (appellant) could make a dollar by waiting on the table at Sitterle's saloon, but, if he went there, deceased would kill him. Thereupon the marshal told him to go on to work, and when he (marshal) got back from supper he would come at once and protect appellant from deceased. Bill No. 2, in addition to the above, complains that after he was permitted to prove that he went to Sitterle's to work, and that while working in the back room, deceased came into the front room, and, after a few words left; that then defendant offered to prove by Sitterle that, as soon as deceased left, appellant called witness to the back room and told him that deceased was looking for him (defendant), to kill him, and witness then ordered appellant to leave, as he (witness) did not want any killing done there, and defendant immediately left. This testimony is objected to by the state on the ground that the same was immaterial and irrelevant. We think the testimony was both material and relevant, as it tended very strongly to show the intent and animus of

appellant at the time of the homicide, and his desire for peace and his apprehension of danger''—citing Everett v. State, 30 Tex. App. 682, 18 S. W. 674, and Simmons v. State, 31 Tex. Cr. R. 227, 20 S. W. 573.

This decision seems to embody both logic and justice. The exact question has not been decided in this state, and I think we should follow this Texas decision.

The case of Newcomb v. State, 37 Miss. 383, cited in the majority opinion, has no bearing here. There, the request was a mere statement or conversation, not with an officer of the law, but a conversation with a private citizen. Neither has the case of Molphus v. State, 124 Miss. 584, 87 So. 133, any bearing here. In that case the defendant made no appeal to an officer of the law for protection, nor was there any effort made to promote peace, and there was nothing to dispute the fact that Molphus was the aggressor except his unsupported statement. Molphus merely offered to sell his property and move.

It seems to me that it could not be said that the officer's evidence to the fact that protection was sought was self-serving in any respect, when he went to the officer of the law to secure the protection of the law against a threatened attack upon him. It would not be natural for him to contemplate murder and then go to an officer of the law who would be under duty to take appropriate steps to prevent a violation of the law, or to apprehend and punish a violator of the law. Under no just reasoning could it be assumed that a criminal would set the law in motion which would be certain to result in his arrest and punishment, and would, more than likely, prevent his carrying out the object he had in view.

Whenever the evidence leaves it doubtful as to who was the aggressor, all the pertinent facts which would tend to shed light upon the question should be given to the jury. This principle is illustrated in many cases. In the case of State v. Jefferson, 43 La. Ann. 995, 10 So. 199, while the court held against the contention in the

particular case that the particular evidence was admissible, it said, on page 200 of the Southern Reporter that: "If there were a question as to whether the attack was made by the deceased or the accused in the fatal rencounter, it would be competent to show, by prior declarations of either, party, that the attack made was the one he intended to make. It is likewise permissible to prove antecedent acts and declarations for the purpose of showing the quo animo, or of rebutting the charge of malice. Whart. Hom. 694, 695." See, also, Leverich v. State, 105 Ind. 277, 4 N. E. 852; Burns v. State, 49 Ala. 370; Stewart v. State, 19 Ohio, 302, 53 Am. Dec. 426; Schauer v. State (Tex. Cr. App.), 60 S. W. 249; Clay v. State, 40 Tex. Cr. R. 593, 51 S. W. 370; Everett v. State, 30 Tex. App. 682, 18 S. W. 674; Red v. State, 39 Tex. Cr. R. 414, 46 S. W. 408; Butler v. State, 33 Tex. Cr. R. 232, 26 S. W. 201; State v. Cross, 68 Iowa, 180, 26 N. W. 62; State v. Daley, 53 Vt. 442, 38 Am. Rep. 694; and Robertson v. State, 40 Fla. 509, 24 So. 474.

I also think it was error for the trial judge to exclude the evidence of threats against the appellant by the deceased not amounting to threats of death or great bodily harm. If the deceased was the aggressor and brought about the difficulty, the offense, even if a violation of the law, might be reduced from murder to manslaughter, and it was also important to show threats of violence as showing the motive for the deceased to become the aggressor.

The evidence for the defendant was to the effect that the deceased ran the appellant out of the country. The evidence for the state appears to be strong, and is supported by more witnesses than the evidence for the defendant; still the defendant had witnesses beside himself to show that the deceased was the aggressor, and the defendant was entitled to all the evidence in his favor. Threats were certainly competent to show a danger of death or great bodily harm.

For the reasons indicated, I think the judgment should be reversed and the cause remanded for a retrial on appropriate evidence.