195 So. 765

## HAWKINS v. STATE.
### 5 Div. 319.

Supreme Court of Alabama.

April 4, 1940.

Rehearing Denied May 9, 1940.

Jacob A. Walker, of Opelika, and Robt. S. Milner, of Dadeville, for the motion.

Thos. S. Lawson, Atty. Gen., opposed.

FOSTER, Justice.

Appellant on this certiorari has earnestly contested the soundness of the holding by the Court of Appeals in this case following Bowling v. State, 18 Ala.App. 231, 90 So. 33, that the defendant cannot show that before the occurrence of the act charged to be an assault to murder, he asked a deputy sheriff for police protection for his place of business after having heard of certain threats which the assaulted party was said to have made.

Prof. Wigmore in the third volume of his work on Evidence, pages 712, 713 and 714, makes a strong arraignment against the holding that such evidence is not admissible, and has an extensive note showing the attitude of the various state cases on the subject. Most of them hold that the evidence is not admissible. Texas is sometimes referred to as holding that the evidence is admissible, citing, Nelson v. State, Tex.Cr.App., 58 S.W. 107; Poole v. State, 45 Tex.Cr.R. 348, 76 S.W. 565; Powers v. State, 88 Tex.Cr.R. 457, 227 S.W. 671. But a different rule prevails there now, and it is there held, as elsewhere, that the evidence is not admissible. Woods v. State, 115 Tex. Cr.R. 373, 28 S.W.2d 554; Watt v. State, 90 Tex.Cr.R. 447, 235 S.W. 888.

Judge Mayfield wrote for the Court to the exclusion of such evidence, recognizing that the rule in Alabama is fixed. Maddox v. State, 159 Ala. 53, 48 So. 689. Indeed, the earlier cases in this Court support the rule of exclusion, and none oppose it. Stewart v. State, 63 Ala. 199; Berney v. State, 69 Ala. 220; Martin v. State, 77 Ala. 1; Birdsong v. State, 47 Ala. 68; Burns v. State, 49 Ala. 370. And so does Mr. Wharton, who is accused by Prof. Wigmore of being the author of the erroneous theory. 1 Wharton on Criminal Evidence (11th Ed.) 791. The Florida court also holds that it should be excluded. Fields v. State, 46 Fla. 84, 35 So. 185; as does also Mississippi by a divided court, Brice v. State, 167 Miss. 255, 148 So. 348; Id., Miss., 150 So. 662, and many other state courts, whose opinions are cited in the Florida case.

The case of Davis v. State, 188 Ala. 59, 66 So. 67, is not opposed to the views which have been so generally approved.

We think the other contentions made on this application are sufficiently and correctly dealt with by the Court of Appeals. We find no error in that opinion of which petitioner here complains.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

FOSTER, Justice.
Application for rehearing overruled.

GARDNER, C. J., and THOMAS and BOULDIN, JJ., concur.