19 So.2d 781

## HORNSBY v. STATE.

4 Div. 833.

Court of Appeals of Alabama.
Nov. 21, 1944.

J. M. Rowe, of Montgomery, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was indicted for the offense of murder in the first degree; regularly put on trial, and convicted of the offense of manslaughter in the first degree. His punishment was fixed at imprisonment in the penitentiary for the term of ten years.

He admitted that he shot with a pistol, and killed, one Robert Stevens; but he claimed that he did so in self-defense, as that term was minutely defined to the jury in the learned trial court's scholarly, explicit, complete, and correct, oral charge.

■ The testimony was ample to support the verdict returned by the jury; and we see no good purpose to be served by narrating it.

Really, after a careful scrutiny of the record, we observe nothing, a discussion of which seems to demand "space in the books."

A reading of the brief of appellant's able counsel representing him here discloses that he—painstaking attorney that he is—could not contend with confidence to the contrary. We commend him.

■ It was of course proper to sustain the State's objection to the question calling for "self-serving acts done and statements made by an accused (appellant), which are (were) no part of the res gestæ (of the killing)." Long v. State, 24 Ala.App. 571, 139 So. 113; Hawkins v. State, 239 Ala. 532, 195 So. 765. The case cited by appellant's distinguished counsel holds nothing to the contrary.

■ As for appellant's written, requested and refused charge 3 we merely remark, as did our Supreme Court of a charge (written charge 5) not distinguishable in principle, in the case of Ledbetter v. State, 39 So. 618 (not reported in the State reports); "Charge 5 (3, here) is so clearly faulty as to need no comment."

And we feel we ought to say that appellant's counsel recognized as much, by himself, making no comment—as we believe he would have done, had he thought there was merit in said charge.

The case was one peculiarly for the jury; and, obviously and patently, no erroneous ruling was made by the court throughout the trial.

The judgment is due to be affirmed. And it is so ordered.

Affirmed.