(93 South. 278)

## TOLEN v. STATE. (8 Div. 867.)

(Court of Appeals of Alabama. May 16, 1922.)

1. **Criminal law** ⊜➞1116—**For review of overruling of demurrers, they must be in the record.**

The overruling of demurrers to the complaint cannot be reviewed, the demurrers not being in the record.

2. **Criminal law** ⊜➞368(1)—**Happenings at time of search for liquor admissible as res gestæ.**

On a prosecution for unlawful possession of liquor, what happened, at time of search by officers, between them and defendant's wife, was admissible as of the res gestæ.

3. **Criminal law** ⊜➞413(1)—**Not permissible to elicit self-serving conversation by cross-examination.**

Defendant may not by cross-examination of state's witness bring out self-serving conversations between him and officers before their search of his premises for liquors.

4. **Criminal law** ⊜➞753(2)—**Affirmative charge properly refused on conflicting evidence.**

Affirmative charges for defendant are properly refused; the testimony being conflicting, and there being ample evidence on which to predicate conviction.

5. **Criminal law** ⊜➞811(2)—**Requested charges objectionable, as singling out part of evidence.**

Requested charges, on prosecution for unlawful possession of liquor, that the mere fact that liquor was found in defendant's field, or the field rented by him, is not sufficient evidence to warrant conviction, or does not necessarily warrant conviction without other sufficient satisfying evidence, besides having misleading tendencies, are objectionable, as singling out a part of the evidence.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Jim Tolen was convicted of violating the prohibition laws, and he appeals. Affirmed.

The complaint is as follows:

"The state, by its solicitor, complains that within 12 months before the commencement of this prosecution, and since the 25th day of January, 1919, Jim Tolen had in his possession alcoholic, spirituous, or malt liquors, contrary to law," etc.

The demurrers raise the point that the complaint does not specify that part of the liquors, malt and spirituous, were alleged to contain alcohol, etc.

The following charges were refused to the defendant:

(1) Affirmative charge.

(A) Same.

(B) "The mere fact that the whisky was found in the field rented by defendant is not sufficient evidence to warrant the conviction of the defendant."

(C) "The mere fact that the whisky was found in defendant's field does not necessarily warrant defendant's conviction, without other sufficiently satisfying evidence."

Simpson & Simpson, of Florence, for appellant.

The defendant was entitled to the affirmative charge. Ante, p. 116, 90 South. 135; 115 Ala. 42, 22 South. 551; ante, p. 217, 90 South. 16; 85 South. 867; 90 South. 42.

---

⊜➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On these authorities, the other charges requested should have been given.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The sufficiency of the complaint is not presented, as no demurrers appear. 185 Ala. 603, 64 South. 361. The judgment entry was sufficient. 12 Ala. App. 229, 67 South. 719; 136 La. 314, 67 South. 17; 172 Ala. 424, 55 South. 226, Ann. Cas. 1913E, 296; 86 South. 213.

BRICKEN, P. J. The prosecution against this appellant was commenced in the county court, and from a judgment of conviction in that court he appealed to the circuit court, and was there tried upon a complaint filed by the solicitor, as provided in section 6730 of the Code of 1907.

[1] The judgment entry recites that demurrers were filed to the complaint and that they were overruled. No demurrers are set out in the record, we are therefore unable to consider "point 1," contained in the brief and argument of appellant's counsel. However, the complaint filed by the solicitor was predicated upon the original complaint in the county court, and as it appears in the record meets every requirement of the statute.

[2, 3] The main insistence of error is predicated upon the court's rulings on the testimony. It would serve no good purpose to deal specifically with each of these rulings. Every ruling upon the testimony has been examined, and we find them free from error. What happened at the time of the actual search by the officers between them and the witness Mrs. Jim Tolen was of the res gestæ, and the court committed no error in this connection. Moreover, some of this testimony was relevant, also, in order to show bias upon the part of this witness. The alleged conversation between the defendant and the officers prior to making the search was brought out by defendant on cross-examination of the state's witnesses, and the exceptions reserved to the court's rulings as to portions of this testimony are without merit; it being apparent that the questions called for testimony of a self-serving nature.

[4] The testimony was in conflict. There was ample evidence upon which to predicate the verdict rendered: therefore charges 1, and A, which were the affirmative charges, were properly refused.

[5] Charges B and C had misleading tendencies. They were objectionable, also, in that they singled out a part of the evidence upon which the jury should predicate its verdict. It is elementary that it is the duty of the jury to consider all the evidence adduced upon the trial in their deliberations in reaching a verdict.

No ruling of the court being erroneous, and no error apparent on the record, the judgment of the circuit court appealed from is affirmed.

Affirmed.