# Parker *v.* The State.

### Indictment for Gaming.

1. *Indictment; indorsement of names of witnesses thereon not necessary to its validity.*—The indorsement of the name or names of the State's witnesses upon an indictment is not essential to its validity; and a failure to indorse the names of the State's witnesses upon an indictment furnishes no ground

[Parker v. State.]

for a motion to strike the indictment, for a demurrer thereto or for a plea in abatement.

2. *Gaming; admissibility of evidence.*—On a trial under an indictment for gaming, where a State witness testifies that he went to a certain place where there were some parties playing cards and others were shooting craps, and upon cross-examination he testified, in answer to a question, that the defendant and several others were playing craps, it is competent for the defendant to further ask him, upon cross-examination, who played cards in the game of cards that was being played at said place; such inquiry being within the latitude allowed upon cross-examination.

3. *Same; same.*—In such a case, the testimony of a State witness that he "had been to the place where the game was said to have been played and saw a place that had been cleared off and looked like a place where a game had been played," without identifying the place referred to by him as being the one where the game in question was played, is purely hearsay evidence and inadmissible.

APPEAL from the County Court of Sumter.

Tried before the Hon. W. R. DeLoach.

The appellant in this case, Dock Parker, was indicted, tried and convicted for playing "at a game with cards or dice or some device or substitute for cards or dice at a tavern, inn, storehouse for retailing spirituous liquors, or house or place where spirituous liquors were at the time sold, retailed or given away, or in a public house, highway or some other public place, or at an outhouse where people resort."

The indictment was regularly returned by the grand jury, but there were no names of witness either upon the back or the face of the indictment, and there was nothing about the indictment to indicate who were the witnesses for the State. The defendant moved the court to strike the indictment from the file, and also pleaded abatement and demurred to the indictment upon the ground, in each instance, that the names of the witnesses did not appear upon the indictment, and there was nothing to show who were the witnesses against the defendant. This motion, the plea and the demurrer were each overruled, and to each of these rulings the defendants separately excepted. The facts pertaining to

the other rulings of the trial court which are reviewed on the present appeal are sufficiently stated in the opinion.

W. K. SMITH and S. O. HARKNESS, for appellant. The court erred in its rulings upon the evidence.—*Carney v. State*, 79 Ala. 14; *Etress v. State*, 88 Ala. 192; *Boyd v. State*, 98 Ala. 34.

CHAS. G. BROWN, Attorney-General, for the State, cited *Smith v. State*, 52 Ala. 384; *Nichols v. State*, 11 Ala. 58; *Thompson v. State*, 99 Ala. 173; *Campbell v. State*, 17 Ala. 370.

DOWDELL, J.—The endorsement of the name or names of the State's witnesses upon an indictment, is not essential to its validity. There was no merit in the motion to strike the indictment on this ground, nor in the demurrer, nor in the plea, to the indictment raising the same question.

The State's witness Jack Reynolds testified that he with one Nathaniel Gale went to a certain place on the property of Col. D. Hopkins in said county near Livingston, where there was the dry bed of a creek, and that there were some parties playing cards down in the "dry bed," and other parties playing craps up on the bank. This witness was then permitted to testify against the objection of the defendant that he went to this place to see a woman. If this was error, it was wholly innocuous—no injury could result to the defendant from it, and should not operate a reversal if this were all in the case. But upon the cross-examination of this witness by the defendant he was asked, "Who played craps?" to which he replied, "Dock Parker, the defendant, and several others," and he was then further asked upon the cross-examination, "Who played cards in said game?" which was objected to by the State, and the court refused to let the witness answer, and to which ruling the

[Carl v. State.]

defendant duly excepted. In this the court was in error. The State having shown by this witness that at the same time and place there were two games being played, one at cards, and one at craps, it was just as competent upon a cross-examination of the witness to inquire into the composition of the two games, as it would be to inquire as to any other particular relating to either. The inquiry was directed to a matter introduced by the State as relevant matter, and it was clearly within the wide latitude allowed upon a cross-examination to inquire with particularity into this matter, if for no other reason, for the purpose of testing the recollection and sincerity of the witness.

The State's witness E. W. Hooks was permitted to testify against the objection of the defendant "that he, witness, had been to the place where the game *was said* to have been played, and saw a place that had been cleared off, and looked like where a game had been played." This was purely hearsay evidence as to its being the place where the game was in fact played, and was therefore objectionable. The witness does not identify the place he went to and saw had been cleared off, as being the place where the game in question was played. He merely states that it was a place "where it *was said* the game was played," or in other words, where he heard some one say the game had been played. The defendant's motion to exclude this testimony should have been sustained.

For the errors pointed out, the judgment must be reversed and the cause remanded.

