# German *v.* The State.

## *Murder.*

(Decided February 13, 1913. 61 South. 326.)

1. *Homicide Evidence; Jury Question.*—Where the evidence was conflicting as to whether the killing was a continuance of an earlier difficulty, or a separate transaction, that question was properly submitted to the jury, for if the earlier quarrel was a part of the main transaction all the circumstances surrounding it were admissible, and if not, then only the fact of the difficulty was admissible, and not the details.

2. *Evidence; Declaration of Accused.*—Evidence of declarations in his own behalf made by one accused of homicide is not admissible, unless of the res gestæ of the transaction.

[German v. The State.]

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Coleman German was convicted of murder and he appeals. Affirmed.

JAMES S. PARRISH, and WALTER S. RICHARDSON, for appellant. Evidence of a difficulty with a third person in which deceased was in no wise connected, was not admissible.—21 Cyc. 896; 6 Enc. of Evid. Under these authorities the court erred in admitting the evidence of the witness Pickett, as to the quarrel between defendant and his wife, as it was in no way connected with the killing.

R. C. BRICKELL, Attorney General, and W. L. MARTAN, Assistant Attorney General, for the State. The objections to the testimony of Pickett came too late, as they were not made until after the witness had answered.—McAlmon v. State, 96 Ala. 98; Billingslea v. State, 96 Ala. 126; Ellis v. State, 105 Ala. 72; Downey v. State, 115 Ala. 108; Stowers F. Co. v. Brake, 158 Ala. 639. The evidence was relevant to show the purpose of the defendant in returning to the house.

MAYFIELD, J.—So far as the record proper shows, the accused was properly indicted, tried, convicted, and sentenced to death for the murder of Pet Robinson. The bill of exceptions shows without dispute that deceased was a woman, and a sister-in-law to the defendant, and that he killed her at his own house by shooting her with a pistol. The killing with a deadly weapon is admitted. The defense was that the killing was accidental.

It appears that a dispute and quarrel arose between the defendant, on the one side, and his wife and the

deceased, on the other, shortly before the killing; that the defendant was drinking, and was carried away from the house to the well, a short distance therefrom, by mutual friends of the parties; and that a knife was taken from the defendant as he was carried away. The evidence was conflicting as to whether the defendant had been reconciled toward his wife and the deceased before he returned to the house and renewed the difficulty. The evidence was also conflicting as to how long defendant remained away from the house, and as to whether the former difficulty was renewed on the defendant's return to the house, or whether the fatal transaction was a separate and independent occurrence, unconnected with the first or former difficulty.

Under this condition of the evidence, there was no error in the trial court's submitting these disputed questions to the jury. If the two occurrences or quarrels were parts of the same difficulty, the details of both were admissible in evidence; if they were not such, but were separate and distinct difficulties, then the details of the first were not admissible in evidence, but only the evidence of the fact of such difficulty, to show motive or malice. For this reason, there was no error in the trial court's submitting this question, whether the two occurrences were parts of the same difficulty or transaction, to the jury.

The trial court very properly declined to allow the defendant to prove his own statements or declarations made after the killing. They were clearly not parts of the res gestae, and at best were merely self-serving declarations or statements. They were not parts of other conversations proven by the state.

The main charge of the court is not set out in the bill of exceptions, but the bill recites that counsel for the state and counsel for the accused were both satisfied

therewith. The bill also shows that the court gave, at the request of the accused, many charges which stated the law accurately and fairly as applied to the evidence in this case. In fact, the law was fully and fairly charged in the language requested by the able counsel for the accused.

We have searched the record, as the statute requires us to do, for errors, but find none, and the case must be affirmed.

Affirmed. All the Justices concur.