(127 So. 250)

## WESLEY v. STATE.
### 8 Div. 16.

Court of Appeals of Alabama.
March 18, 1930.

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of assault with intent to murder, and her punishment fixed at imprisonment in the penitentiary for an indeterminate term of from four years, minimum, to four years and six months, maximum.

We refrain from a discussion of the testimony, although it is interesting, because we are persuaded that no useful purpose could be served by our discussion. It will suffice to state that, after a careful reading of same, we are convinced and hold that it was ample to support the verdict of the jury, and the judgment rendered thereon.

The learned trial judge, in his oral charge, certainly as supplemented by the written charges given at appellant's request, gave to the jury in a very concise, but thoroughly adequate, way, every principle of law necessary for their guidance. *This* fact would have been justification for refusing to give the written charges, which were requested and appear in the record, indorsed "refused." But, in addition, we may state that written refused charge 5 was specifically covered, in fair substance, at least, by written charge 8, which was given to the jury. And written refused charge 14 entirely omits from its hypothesis the *other* elements of self-defense. Written refused charge 10, which was the general affirmative charge in appellant's favor, was *obviously*, from a reading of the evidence, refused correctly.

If the "reading" to the jury, by the trial judge, of the written charges given at appellant's request was not done in a way, or tone of voice, that enabled the jury to "hear"—we will not say that it should have been done in a way that the jury must have "comprehended"—what said charges contained, objection must have been made at the time, with a request that the manner of reading be made to conform to the provisions of the statute (Code 1923, § 9509), and, exception reserved to the refusal, if there *should have been* a refusal, of the court to comply with the statute. Without this, we have nothing in *that* regard to review.

We have searched the record diligently for prejudicial error, but, finding none, the judgment will be, and is, affirmed.

Affirmed.