144 So. 458

**VAUGHN v. STATE.**

**4 Div. 901.**

Court of Appeals of Alabama.
May 10, 1932.

Rehearing Denied June 30, 1932.

L. A. Farmer, of Dothan, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

The indictment in this case charged this appellant with the offense of assault with intent to murder. And the evidence disclosed that Ethel Vaughn, the alleged injured party, was his wife from whom he had been separated for about four years. Upon the trial, in the court below, he was convicted as charged in the indictment, and was duly sentenced by the court to serve an indeterminate term of imprisonment in the penitentiary of not less than seven years nor more than ten years.

For a conviction the state relied principally upon the testimony of the wife of the accused. She testified, among other things, that upon the occasion complained of, at about "dusk dark," she was walking on the sidewalk in front of the Junior High School on South Dusy street, in the city of Dothan, and she testified:

"A car drove up by the side of me, and the defendant asked me where I had started. I told him I had started to spend the night with Mrs. Hackney. Mrs. Hackney lived right back of the court house. Defendant said he would bring me. I told him no, I did not want him, for him to go on with Mae Cherry, I was not going with him. He drove on a piece further and stopped again, and said to me 'Ethel, come here and lets talk things over, quit living like we are, lets settle this.' I walked around on the side to him. The car was traveling North, in the same direction I was going. I walked around the car on the back end and he grabbed me, pulled me up there, and the car made off. I was not in the car when he hit me. He hit me with a hammer. * * * I went around the back end of the car, and that put me out in the street. When I got around there, he never said anything. He caught hold of my left arm and pulled me in there. He never said a word. I saw the hammer. It was an automobile hammer, a hammer with a round face to it. * * * I recognized the defendant, and know he is the man who hit me. * * * The defendant and I have been separated four years the 11th of last March. Since that time he has filed two suits against me for divorce, and one of those suits is still pending. We have also had some litigation over some land. * * * Before he hit me he opened the door of the car, but did not pull me inside. He opened the door as quick as I walked around there. I don't know where I fell. He did not hit me but one time, and at the time he hit me we were on Dusy Street. * *

"I was unconscious from Monday until Friday night week following. I was unconscious two weeks lacking from Friday night until Monday. I do not remember the day of the month I regained consciousness."

The defendant, appellant, denied that he was the person who struck his wife and insisted he was at another place some distance away, when the crime complained of was committed. He denied all knowledge of or participation in the assault.

From the foregoing, the principal inquiry upon this trial in the court below was the identity of the person who committed the murderous attack upon the wife of the accused. The conflict in the evidence, of course, presented this question of fact for the determination of the jury. Naturally, if this appellant was not the person who inflicted the admitted serious injury upon Ethel Vaughn, he should not have been convicted. This material, in fact, controlling, question, as stated, was for the jury, and the court properly submitted the case to them.

There are several insistences of error relative to the court's rulings. Appellant first insists that the indictment, upon which he was tried, was not properly authenticated, in that it was not indorsed a true bill and the indorsement signed by the foreman of the grand jury as the law requires. Section 8682, Code 1923. Upon examination of the record we find every essential indorsement, but it is evident that the foreman of the grand jury, through mistake, signed his name upon the line above the printed words, "A True Bill" instead of signing it below said words. As it appears upon the record, this indorsement is as follows: "S. Reynolds May, A True Bill, Foreman of the Grand Jury." We are of the opinion the court properly overruled the motion to quash the indictment. The signing of the foreman's name on the wrong line was merely a clerical misprision and was self-correcting, and the court properly so held. In Parris v. State, 175 Ala. 1, 6, 57 So. 857, 860, the Supreme Court said: "There was no error in overruling the motion to quash the indictment. The fact that the name of M. E. Reeves appeared in the indorsement under the words, 'foreman of grand jury,' in place of over said words, did not affect the validity of his indorsement." In Parker v. State, 125 Ala. 86, 27 So. 780, the court held that "it is immaterial on what part of the indictment the words 'A true bill' are written."

The rulings of the court complained of in connection with the introduction in evidence of certain chancery proceedings between the accused and his estranged wife were without error. Much of this matter appears to have been immaterial and unnecessary upon the trial of this case; but it tended to show motive upon the part of the accused, and to that extent was admissible. We are clearly of the opinion that no ruling of the court in this connection tended to impair the substantial rights of the defendant, hence error to a reversal will not be held. Moreover, as twice stated above, the crime complained of having been shown by the evidence without dispute or conflict, the sole question upon this trial was whether or not this appellant was the person who committed it.

No exception was reserved to the oral charge of the court, and no special charges were requested. No motion for a new trial was made. The questions hereinabove discussed are the only points of decision presented for our consideration. Finding no reversible error in any ruling of the court, and the record proper also being without error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.