50 So.2d 767

### JARRELL v. STATE.

5 Div. 272.

Court of Appeals of Alabama.
May 24, 1949.

Rehearing Denied June 21, 1949.

Affirmed on Mandate March 28, 1950.

Rehearing Denied April 11, 1950.

Jacob A. Walker and Walker & Walker, of Opelika, and R. C. Wallace and C. S. Moon, of LaFayette, for appellant.

CARR, Judge.

This is the second appeal of this case. Jarrell v. State, 251 Ala. 50, 36 So.2d 336.

After remandment of the cause by the Supreme Court, the appellant was convicted of murder in the second degree.

On review of the former appeal, Justice Lawson delineated the evidence with considerable care and in much detail. In the main the proved facts appear in the instant record without material change, with the exception that the defendant did not testify in his behalf at the first trial. Statements and declarations which he made to others, after the death of his wife, appear as a part of the description of the facts in the former opinion. This constituted in a large measure the effect of his testimony at the trial of instant concern.

We entertain the view that the facts incident to the testimony of the accused in the case at bar do not alter the factual issues to the extent that the general affirmative charge was due the appellant.

We think, also, that we would be out of harmony with the holding in the former opinion to here declare that the court was in error in denying the motion for a new trial.

Appellant's counsel asked two witnesses several questions by which he sought to show that the deceased had a fainting spell about three days prior to the time she died and that she was subject to such spells. It is urged that this proof would have supported the defendant's statements that he thought his wife had fainted on the night of her death.

We cannot see the materiality of this inquiry. In any event, the appellant testified, without objections, that his wife was afflicted in this manner and that she had been under a physician's care for the ailment.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

It did not, therefore, relate to any disputed matter of evidence.

■ The refusal to admit the proof in the first instance, if error, was rendered harmless to the accused by the subsequent disclosure of the facts in substantial effect. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix; Pressnall v. State, 16 Ala.App. 72, 75 So. 278.

In connection with the direct examination of appellant's sister, this occurred:

"Q. In the early morning of August 26th did your brother, Seaborn Jarrell, come to your home? A. Yes, sir.

"Q. Did he make a statement to you?

"Mr. Boyd: We object, if the Court please.

"The Court: Sustained."

■ Unquestionably the court could have, with legal propriety, allowed the witness to answer "yes" or "no." However, we are not authorized to charge error for this failure. The burden is on appellant to show that error was prejudicial and harmful to his substantial rights. Garrett v. State, 248 Ala. 612, 29 So.2d 8; Stallings v. State, 249 Ala. 580, 32 So.2d 236; Brown v. State, 33 Ala.App. 152, 31 So.2d 652.

■ To afford full review, counsel should have pursued the inquiry further and then advised the court what answer was expected. The materiality of the matter did not appear from the content of the question. Sanders v. State, 202 Ala. 37, 79 So. 375; Stallings v. State, supra; Berry v. Dannelly, 226 Ala. 151, 145 So. 663.

In connection with this same visit the appellant's mother testified that the defendant told witness that his wife had fainted. On motion by the solicitor, the court excluded the statement.

It is cogently urged in brief of counsel that this evidence should have been allowed, not as an attempt to establish the truth of the assertion, but rather to support the contention of appellant that he thought that his wife had fainted. In this aspect the insistence is made that the admission of the statement would not have done violence to the self-serving declaration rule or the hearsay doctrine.

■ A "self-serving declaration" is a statement made out of court which is favorable to the interests of the declarant. Unless, for some recognized reason, it comes within the exception to the general rule, such a declaration is not admissible in evidence when tendered by the favored party, if not a part of the res gestæ. The prime objection to this character of proof is that it does violence to the hearsay rule. Further, it opens the door to the introduction of untrustworthy declarations and permits a party to manufacture his own evidence.

■ Of course, it cannot be successfully contended that the statement of instant concern was a part of the res gestæ. We hold that it amounted to a self-serving declaration. It was susceptible of an inference that, as an afterthought, the appellant was building up a false factual structure which was favorable to his defense. The effect of its admission would have been to permit the accused, by proof of his own subsequent declarations, to make evidence for himself.

No facts had preceded in the proof that would have the effect of exempting the matter from the general rule of nonadmissibility. We hold, therefore, that it was properly disallowed. Hall v. State, 40 Ala. 698; Holmes v. State, 136 Ala. 80, 34 So. 180; German v. State, 181 Ala. 11, 61 So. 326; Pollard v. State, 12 Ala.App. 82, 68 So. 494; Key v. State, 8 Ala.App. 2, 62 So. 335; Ray v. State, 29 Ala.App. 382, 197 So. 70.

Over general objections of counsel the court permitted the State to prove by the appellant on cross examination that his wife obtained a divorce from him on the grounds of cruelty.

It appears that the couple had subsequently remarried and were living together as man and wife at the time of decedent's death.

■ The evidence in this case is wholly circumstantial. When this is the factual situation, the question of motive is a matter

of very material concern. Harden v. State, 211 Ala. 656, 101 So. 442; Jones v. State, 13 Ala.App. 10, 68 So. 690.

■ In the case of Earnest v. State, 21 Ala.App. 534, 109 So. 613, 614, this court said: "As to showing a motive for the commission of an offense, the law says it is not necessary in order to prove the crime; but evidence of motive is always admissible. In other words, it is permissible in every criminal case to show that there was an influence, an inducement, operating on the accused, which may have led or tempted him to commit the offense. It may spring from the lust of gain, or the gratification of an unlawful passion, from animosity, ill will, hatred, or revenge. The extent or magnitude of such motive, whether great or small, is also a proper inquiry. The rulings of the court upon this subject are free from reversible error."

■ The fact that the appellant and deceased had remarried, and thus evinced a reconciliation of their former domestic discord, may have rendered the evidence inconclusive and impotent on the question of motive. This, however, went to its probative value rather than to its admissibility. We hold that the proof was properly allowed. Baalam v. State, 17 Ala. 451; Duncan v. State, 88 Ala. 31, 7 So. 104; Fowler v. State, 155 Ala. 21, 45 So. 913; Streety v. State, 165 Ala. 71, 51 So. 415; Brothers v. State, 236 Ala. 448, 183 So. 433; McDowell v. State, 238 Ala. 101, 189 So. 183; Vaughn v. State, 25 Ala.App. 226, 144 So. 458; Kozlowski v. State, 32 Ala.App. 453, 27 So.2d 811.

Complaint is urged that on redirect examination the accused was not allowed free privilege of explaining the circumstances which related to the divorce matter.

■ It is a legal truism that if a party brings into the evidence a part of a transaction, opportunity should be afforded the effected person to give explanation with reference thereto. In the light of this familiar rule we have given due consideration to the record in this aspect. It appears that on cross examination the appellant, without objections, gave substantially all the information that was sought to be shown by him on redirect. This being true, he was not left without the privilege of proof of the facts about which complaint is made. Supreme Court Rule 45; Mathis v. State, 15 Ala.App. 245, 73 So. 122.

The solicitor failed to adhere to the rule when he was cross examining some of the appellant's character witnesses. Instead of asking them if they had not heard of certain prior misconduct on the part of the accused, counsel framed his questions in this form: "Isn't it a fact", etc.

We discussed this rule of procedure at some length in the case of Mullins v. State, 31 Ala.App. 571, 19 So.2d 845. Clearly the rule therein pronounced was not followed in the instant case. We will look to the record to determine whether or not injury inured to the rights of the accused. Brown v. State, supra; Garrett v. State, supra; Stallings v. State, supra.

■ It is there disclosed that on the comparatively few occasions when objections were interposed and overruled by the court the witnesses replied in a manner that was not prejudicial to the defendant. Minto v. State, 8 Ala.App. 306, 62 So. 376; Murray v. State, 17 Ala.App. 253, 84 So. 393; Supreme Court Rule 45.

We come now to consider the written instructions which were refused to the appellant.

We have hereinabove illustrated the propriety of the refusal of the general affirmative charge.

■ Those numbered 6, 7, 9, 12, 13, and 22 are each substantially covered by the court's oral charge or given written instructions. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

■ Instruction number 8 was properly refused. Scott v. State, 211 Ala. 270, 100 So. 211; Fowler v. State, 155 Ala. 21, 45 So. 913; Bailey v. State, 133 Ala. 155, 32 So. 57; Goodman v. State, 15 Ala.App. 161, 72 So. 687.

■ Refused charge number 10 is not predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Jones v.

State, 209 Ala. 655, 96 So. 867; Scott v. State, 34 Ala.App. 18, 37 So.2d 670.

■ There was no error in refusing charge number 11. Campbell v. State, 13 Ala.App. 70, 69 So. 322; Anderson v. State, 18 Ala.App. 429, 93 So. 68; Wilson v. State, 32 Ala.App. 591, 28 So.2d 646; Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564.

■ ■ We find that charge number 14 was approved in Pickens v. State, 115 Ala. 42, 22 So. 551. Error was not predicated on its refusal in Hannigan v. State, 131 Ala. 29, 31 So. 89, and Spencer v. State, 228 Ala. 537, 154 So. 527. In the latter two cases, however, the court pointed out that the charge was abstract, since the evidence was not entirely circumstantial.

In the recent case of Parsons v. State, 251 Ala. 467, 38 So.2d 209, our Supreme Court reviewed a very similar charge. Justice Foster, writing for the court, cited a number of authorities to support his conclusion that charges of this import should not be given in cases where the evidence is not entirely circumstantial.

As we have indicated, in the instant case the State relied for a conviction on evidence that was entirely circumstantial. The court in his oral charge omitted to instruct on the doctrine which the charge purports to convey; nor are there any given instructions which refer to the rule in any aspect.

It inescapably follows that we must base error on the court's refusal of charge number 14.

■ Charge number 15 is misleading and lacking in exactness. Pickens v. State, 115 Ala. 42, 22 So. 551.

■ Instruction number 17 contains a typographical error. This is unquestionably due to the fault of the typist. However, the fact remains that we are unauthorized to charge error for its refusal. Title 7, Sec. 273, Code 1940; Fealy v. City of Birmingham, 15 Ala.App. 367, 73 So. 296; Louisville & N. R. Co. v. Lile, 154 Ala. 556, 45 So. 699; Walker v. State, 33 Ala.App. 614, 36 So.2d 117.

We have omitted to respond to some questions which are presented for our review. They will not likely reappear in their present form at another trial or they are of minor merit.

For indicated error, it is ordered that the judgment below be reversed and the cause remanded.

Reversed and remanded.

BRICKEN, P. J., not sitting.

On Rehearing.

CARR, Judge.

On original submission we reversed the judgment of the lower court on account of the refusal of written charge number 14.

For purposes of comparison and illustration we will set it out: "The court charges the jury that the evidence in this case is circumstantial and that before you can convict the defendant on such testimony the proof must be very strong and cogent, so much so as to exclude every reasonable doubt and probability of his innocence."

This is an exact counterpart to charge number 1 in the case of Pickens v. State, 115 Ala. 42, 22 So. 551.

We noted the subsequent reviews of the instruction in our original opinion.

The Assistant Attorney General on application for rehearing directs our attention to the case of McDowell v. State, 238 Ala. 101, 189 So. 183, 184. He presses the position that this case by implication overrules the holding in the Pickens case in respect to the charge of instant concern.

The instruction in the McDowell case is: "The Jury are instructed that, to justify a conviction of crime on circumstantial evidence alone, it must be very strong and cogent and must be inconsistent with any reasonable theory of innocence."

Chief Justice Anderson, writing for the court, disapproved the charge for these reasons: "It is faulty for the use of the word 'very.' Moreover, the evidence was not entirely circumstantial."

"Very" when used as an adverb means: "In a high degree; to no small extent; exceedingly; extremely." Webster's New International Dictionary. See also, Benoist

v. Driveaway Co. of Mo., Mo.App., 122 S. W.2d 86.

With this definition applied, the use of the adverb in the charge in the Pickens case rendered the instruction faulty.

The charge in the case at bar contains the expression "very strong and cogent", but there follows the qualifying and limiting term *"so much so* as to exclude every reasonable doubt" etc. (Emphasis ours.)

The jury, therefore, was not left in doubt as to the meaning of the word "very". Its purport was specifically restricted and limited by the qualification and explanation which followed.

Our decisions must, of course, be governed and controlled by the decisions of the Supreme Court. Title 13, Sec. 95, Code 1940.

We do not conclude that the McDowell case, by implication, overruled the holding in the Pickens case. We are, therefore, impelled to follow the latter and adopt it as our authority.

The application for rehearing is overruled.

BRICKEN, P. J., not sitting.

After Remandment.

CARR, Judge.

On certiorari the Supreme Court held that we were in error in ordering a reversal of the judgment below. The cause has been remanded to this court for further consideration.

On the original submission of the case it was insisted that the solicitor was allowed, over timely objections, to impeach one of the State's witnesses. We entertained the view that this situation will not likely reoccur at another trial, so we did not respond to it.

The witness in question testified at a former trial of the cause.

On cross examination in the case at bar the witness gave evidence that was in some aspects at variance with his testimony previously given.

On redirect examination the solicitor asked the witness several questions with reference to his former testimony. In these queries the attention of the witness was directed to certain specific replies to questions, and the solicitor inquired whether or not these answers were made.

After objections were overruled the witness did not admit he made the replies. He either stated that he did not or that he did not remember.

The matter was not further pressed. That is to say, the solicitor did not make any attempt to prove that the witness did testify to a different state of facts at the former trial.

A fair interpretation of the record incident to this inquiry leads to the conclusion that the prosecuting officer was not attempting to lay predicates for impeachment purposes. It is true that he did not expressly announce a surprise, but unquestionably he realized the disadvantage which had inured to State by this unexpected departure and variance in the testimony of the witness.

Our authorities are committed to the view that a party has no right to impeach his own witness, nor to show contradictory statements made by the witness. This rule, however, does not prohibit a party, when taken by surprise, or for the purpose of refreshing memory, to ask his witness whether or not he had made certain previous statements which were inconsistent with his present testimony.

We think that our review should be made from this approach, rather than to hold that there was effort made by the solicitor to impeach a State's witness.

Clearly the prosecuting attorney should have been given the privilege to attempt to clarify the inconsistencies that had developed by calling the attention of the witness to his former testimony and refreshing his recollection therefrom if possible. The following authorities support this view: Campbell v. State, 23 Ala. 44; Hemingway v. Garth, 51 Ala. 530; Alabama Power Co. v. Hall, 212 Ala. 638, 103 So. 867; Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572; Duncan v. State, 20 Ala.App. 209, 101 So. 472; Griffith v. State, 90 Ala. 583, 8 So. 812.

In our original opinion we responded to all other questions which merit discussion.

It follows that on the authority of Jarrell v. State, Ala.Sup., 50 So.2d 774, the judgment below is ordered affirmed.

Affirmed.