227 So.2d 815

**Dewey L. DOWDEY**

v.

**STATE.**

**8 Div. 10.**

Court of Criminal Appeals of Alabama.

*Oct. 7, 1969.*

Rehearing Denied Nov. 4, 1969.

————◆————

Andy Hamlet, Jr., Scottsboro, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

Dowdey appeals from a judgment of conviction of second degree murder which supported a sentence of fifteen years in the penitentiary.

I

According to the only other surviving eye witness, Claude McCoy, Dowdey shot and killed his wife Pauline with a .22 caliber pistol.

Later a policeman overtook a car driven by Dowdey and arrested him. Dowdey stated that his wife had been murdered by McCoy.

The trial judge, over defense objection, allowed the policeman only to tell the jury that Dowdey had said that his wife had been murdered.

II

The shooting happened about 8 P.M. Dowdey talked to the policeman at about 10:30 that night.

By no stretch of the elastic term res gestae, can we envisage the exculpatory "McCoy done it" as being an integral part of the shooting of Mrs. Dowdey. Being palpably self-serving and removed in both place and space from the killing, it was properly inadmissible. Espey v. State, 270 Ala. 669, 120 So.2d 904(1); Jones v. State, 181 Ala. 63, 61 So. 434.

III

In brief, appellant states:

"The Court permitted Mrs. Madge Harvey, mother of the deceased, to testify to certain threats made by the defendant to the deceased as far back as one and one half years before the homicide, which objection was sustained but, she was permitted to testify as to any threats at any time later."

The Attorney General cites us to Blue v. State, 246 Ala. 73, 19 So.2d 11, and Redd v.

State, 68 Ala. 492, to which may be added Pulliam v. State, 88 Ala. 1, 6 So. 839, and Shelton v. State, 217 Ala. 465, 117 So. 8, both cited in *Blue,* supra.

▆ Remoteness in time is part of the degree of the lingering or lasting influence of a declaration or event. Accordingly, it is an ingredient of the weight of evidence rather than a legal bar to its being believed or credited. Thus, ordinarily its measurement is for the jury.

We have reviewed the entire record under Code 1940, T. 15, § 389 and consider the judgment is due to be

Affirmed.