286 So.2d 73

**Tony Curtis POWELL**

v.

**STATE.**

**3 Div. 218.**

Court of Criminal Appeals of Alabama.

Oct. 16, 1973.

Rehearing Denied Oct. 30, 1973.

Elno A. Smith, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and David Lee Weathers, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Montgomery County, Alabama, charged the appellant with first degree murder in the fatal stabbing of one David Vinson. The Jury's verdict found appellant guilty of first degree manslaugh-

ter and judgment set punishment at five years imprisonment in the penitentiary.

The evidence presented at trial showed that appellant was visiting in the home of the deceased, David Vinson, during the early morning hours on October 2, 1972. An argument started between appellant and Vinson, who was married to appellant's sister. Vinson told the appellant "not to mess with his wife" any more. Several blows were then passed, and it appeared that appellant received more than he gave. Roshell Potts, a sister of the deceased, heard the noise from the fracas and came down stairs to the living room where she saw the appellant open a long pearl-handled knife. She screamed and told the appellant to leave. The appellant started to leave through the kitchen door, but then turned and came back in. Vinson then walked into the kitchen and started "cussing" the appellant. Appellant then took the knife back out and stabbed Vinson in the neck. Appellant threw the knife down, turned, and ran out of the house. Vinson was pronounced dead on arrival at Jackson Hospital.

Appellant took the stand and admitted stabbing the deceased, but claimed that he was acting in self-defense. No one actually saw the deceased with any kind of weapon, however, one witness, Joe Caldwell, testified that Vinson did have his hand in his pocket. There was testimony to the effect that Vinson had been carrying a hawkbill knife that night. The appellant further testified that he would have had to turn his back to Vinson in order to retreat out the back door.

## I

Appellant first contends that the trial court erred in failing to read aloud to the Jury a number of written charges that appear in the record, marked "given." The record shows that twenty-two of appellant's written requested charges were marked "given" by the trial judge. However, the record also sets out that portion of the trial judge's oral charge where appellant's written requested charges were actually read to the Jury, and it appears from a reading thereof that ten of those charges marked "given" were not actually read to the Jury. At the conclusion of the court's oral charge and the reading of the written requested charges, both parties announced, "No exceptions."

Moreover, appellant's counsel did not call the failure to read all of these charges to the trial judge's attention, nor was there an exception to this noted.

Title 7, Section 273, Code of Alabama 1940, states:

". . . Charges which are marked 'given' by the trial judge, must be taken by the jury with them on retirement, and those refused must be retained by the clerk. The court shall after the conclusion of his charge to the jury read such written charges as he has given for the parties in a clear and audible voice . . ."

■ This statute must be substantially complied with, but absent some action on the part of appellant in bringing the omission to the attention of the trial court and invoking a ruling thereon, this Court will assume that it was waived by the defendant. Curry v. State, 23 Ala.App. 140, 122 So. 303.

In Wesley v. State, 23 Ala.App. 463, 127 So. 250, this Court held:

"If the 'reading' to the jury, by the trial judge, of the written charges given at appellant's request was not done in a way, or tone of voice, that enabled the jury to 'hear'—we will not say that it should have been done in a way that the jury must have 'comprehended'—what said charges contained, objection must have been made at the time, with a request that the manner of reading be made to conform to the provisions of the statute (Code 1923, § 9509), and, exception reserved to the refusal, if there

**400**

*should have been* a refusal, of the court to comply with the statute. Without this, we have nothing in *that* regard to review."

■ Counsel for appellant urges this Court to consider the charges not read as "refused charges." Assuming arguendo that these charges had been marked "refused" our holding would be the same. A careful reading of each shows that the charges in question were either substantially and fairly covered in the court's oral charge, or in appellant's other written requested charges, or were not correct statements of applicable law. Title 7, Section 273, Code of Alabama 1940. See also Potter v. State, 46 Ala.App. 95, 238 So.2d 894. Further, none of these charges, which allegedly were not read, are set out in appellant's motion for new trial.

### II

■ Appellant next cites as reversible error the action of the trial court in refusing to allow appellant to introduce a statement made by him to police officers the day after the crime was committed.

In German v. State, 181 Ala. 11, 61 So. 326, it was held:

"The trial court very properly declined to allow the defendant to prove his own statements or declarations made after the killing. They were clearly not parts of the res gestae, and at best were merely self-serving declarations or statements. They were not parts of other conversations proven by the state."

See also Long v. State, 24 Ala.App. 571, 139 So. 113; and Jarrell v. State, 35 Ala. App. 256, 50 So.2d 767, where it was stated:

"A 'self-serving declaration' is a statement made out of court which is favorable to the interests of the declarant. Unless, for some recognized reason, it comes within the exception to the general rule, such a declaration is not admissible in evidence when tendered by the fa-vored party, if not a part of the res gestae. The prime objection to this character of proof is that it does violence to the hearsay rule. Further, it opens the door to the introduction of untrustworthy declarations and permits a party to manufacture his own evidence."

Thus, the trial court's ruling was correct.

### III

■ Appellant also cites as error the action of the trial court in overruling his motion for new trial. The Jury's verdict is supported by the evidence which, if believed, would sustain the conviction. Means v. State, 1973, 51 Ala.App. 8, 282 So.2d 356, cert. den. 1973, 291 Ala. 792, 282 So.2d 359; Roberts v. State, 49 Ala.App. 729, 275 So.2d 709.

After a careful reading of the entire record, as required by Title 15, Section 389, Code of Alabama 1940, we find no error therein. The cause is due to be and the same is hereby

Affirmed.

All the Judges concur.