409 So.2d 930 (1981)
Moses Brown CHISOLM
v.
STATE of Alabama.
5 Div. 551.
Court of Criminal Appeals of Alabama.
October 27, 1981.
Rehearing Denied November 24, 1981.
Certiorari Denied, January 29, 1982.
*931 J. Michael Williams, Sr., Auburn, for appellant.
Charles A. Graddick, Atty. Gen. and Cedric R. Perry, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 81-198.
TYSON, Judge.
Moses Brown Chisolm was indicted for the "first degree assault" of John Thomas Stringer.
The jury found the appellant guilty of second degree assault for which the trial court, after a pre-sentencing hearing, fixed punishment at eight years' imprisonment.
On March 7, 1980, after 10:30 p.m., the appellant and John Thomas Stringer had one of a series of confrontations concerning their mutual "girlfriend". During this particular incident the appellant drew his pistol and shot Mr. Stringer once in the chest and once in the right forearm.
Mr. Stringer testified that the appellant, after a short chase, blocked Mr. Stringer's car in a school parking lot with appellant's automobile. Appellant then exited his car with his pistol drawn and fired two shots at Mr. Stringer, who was still seated in his vehicle. One of these shots struck Mr. Stringer in the chest. In response, Mr. Stringer exited his automobile and was trying to grab the appellant to prevent further gunfire when the appellant fired another round which struck him in the right forearm. Mr. Stringer then fled on foot as the appellant fired a fourth shot.
Mr. Stringer further testified that after he had circled several houses in the area and had returned to his car, the police arrived but the appellant was gone.
The appellant's version of the incident was that Mr. Stringer chased him to and blocked him in the school parking lot and that Mr. Stringer fired several shots at him just after the appellant had exited his automobile and before he had drawn his weapon.
An "ear witness" attempted to corroborate the appellant's testimony by stating that he heard two groups of shots, the second group louder than the first. The appellant contended that this proved that two guns were involved and that there was an exchange of gunfire.
However, the state argued that the same testimony would support the state's assertion that the first group of shots was fired into the victim's automobile at close range and in the opposite direction from the "ear witness", whereas the second group, fired from the same gun, was shot in an open area and in the direction of the "ear witness'" house, toward which the victim was running.
The evidence, though disputed, was sufficient to support the jury's "guilty" verdict and this evidence is not questioned on this appeal.

I
Appellant contends that the trial court erred in sustaining the state's objection to appellant's attempt to introduce his own statement made to the police an hour after the shooting. This ruling by the trial court occurred while the appellant was on the *932 witness stand (R. 251) after the appellant's apparent attempt to bolster his "in-court" testimony with his "prior statement".
This statement was not part of the res gestae. The law is well settled in this state that such self-serving declarations of an accused, made before or after the offense are not admissible for him (or by him) unless they are part of the res gestae. Dowdey v. State, 45 Ala.App. 185, 227 So.2d 815 (1969); Powell v. State, 51 Ala.App. 398, 286 So.2d 73, cert. denied, 291 Ala. 796, 286 So.2d 75 (1973); Chambers v. State, 356 So.2d 767 (Ala.Cr.App.1978).

II
Appellant further contends that the trial court erred by not instructing the jury that the trial court incorrectly sustained the prosecution's objection to appellant's attempt to "refresh" the memory of appellant's "ear witness" to the incident.
This assertion by the appellant is without merit and is not supported by this record. We have reviewed the testimony, objections, and rulings surrounding this "alleged" error by the trial court (R. 164-205) and have found nothing improper. The trial court's rulings were correct.
Moreover, the appellant was-allowed to "refresh" his witness' memory on "voir dire" examination and the witness' subsequent testimony in the presence and hearing of the jury corresponded to the prior out-of-court statement relied upon by appellant. We fail to see how any of this could have prejudiced the appellant in any aspect of his case.

III
Finally, the appellant contends that the pre-sentence investigation report (R. 322) was erroneous because it included as part of the appellant's record charges that were either dropped or nol prossed and charges for which the appellant was acquitted. The appellant argues that such charges, which did not result in convictions, should not have been considered by the sentencing court.
In the first place, the Alabama courts follow the rule stated in Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 397 (1949), that evidence of other criminal conduct not resulting in a conviction may be considered in imposing sentence. Scopolites v. State, 50 Ala.App. 115, 120, 277 So.2d 389, cert. denied, 291 Ala. 797, 277 So.2d 395, cert. denied, 414 U.S. 977, 94 S.Ct. 299, 38 L.Ed.2d 221 (1973); Godfrey v. State, 383 So.2d 575 (Ala.Cr. App.), cert. denied, 383 So.2d 579 (Ala.), cert. denied, 449 U.S. 903, 101 S.Ct. 276, 66 L.Ed.2d 134 (1980).
Furthermore, the trial court carefully reviewed the investigation report, noted those 15 prior offenses for which the appellant was definitely convicted, and thoroughly discussed the entire list (R. 295-300) with appellant and his counsel at the sentencing hearing. The court was in no way misled as to which charges were mere arrests and which resulted in convictions.
Finally, regardless of appellant's belief that his record was "really not bad", the trial court was certainly justified in determining that the 15 prior convictions, including four for "assault", two for "disorderly conduct", two for "carrying concealed weapons" and one for "resisting arrest", indicated that the appellant had a "continuing... propensity to violence." Therefore, the imposition of an eight year sentence for this "second degree assault", which carries a maximum sentence of 10 years, was proper under these circumstances.
This case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.