The grand jury of Jefferson County indicted the appellant, Reginald Miller, for the murder of Cheryl E. Smith in violation of § 13A-6-2, Code of Alabama 1975.
The jury found the appellant guilty of murder as charged in the indictment and the trial judge fixed punishment at 25 years' imprisonment.
The record reveals the following facts: *Page 1039 
The appellant and the deceased, Cheryl Smith, had been dating or going steady since 1975. In February or March of 1980, they were having difficulties and Cheryl Smith was avoiding the appellant. On April 4, 1980, in the early morning, the appellant called the deceased. After he had talked with her, he got a pistol from under his grandmother's couch, put it in his inside coat pocket and began walking in the direction of the Smith house. After he had walked five or six blocks, he met a car in which Miss Smith and three friends were riding to school together. He stopped the car and ordered the girl out. She refused, and he forced himself into the car. At the deceased's request, they returned to her house where she again refused to get out of the car. The appellant then fired two fatal shots at her and fled from the scene.
In the early part of the afternoon of the same day, the appellant turned himself in to the Birmingham Police Department. At 2:10 p.m. of the same day, the appellant gave a statement to Sergeant Knight, an investigating officer with the department.
At trial the State called Sergeant Knight but did not attempt to introduce the statement of the defendant.
On cross-examination, Sgt. Knight testified that he had taken a statement from the appellant on April 4, 1980, at 2:10 p.m. A copy of the transcribed statement was properly identified by Sgt. Knight and the defendant offered the statement into evidence. At this time, the State objected on the grounds of hearsay. To this the court replied, "Unless it's a statement against interest, it's hearsay."
Thereafter, in a discussion outside the presence of the jury, prior to the defendant taking the stand, the following occurred:
 "DEFENDANT'S COUNSEL: So that the record will be clear Your Honor, we would offer the statement through Morgan Knight in lieu of the defendant testifying. I understand that the Court would refuse that request if we put Morgan Knight back on the stand or could we do that if necessary?
 "THE COURT: I just don't believe you can put in a statement in lieu of testimony. That's hearsay. I will sustain the objection."
The Appellant contends that the trial court erred in sustaining the State's objection to the appellant's attempt to introduce his own statement made to Sgt. Knight at police headquarters some five or six hours after the shooting.
The statement was offered while the state was presenting its case-in-chief, during the cross-examination of Sgt. Knight by the defendant.
This was an apparent attempt on the part of the appellant to present his statement in lieu of testimony and thus in effect introduce his side of the case without subjecting himself to cross examination.
In Jarrell v. State, 35 Ala. App. 256, 50 So.2d 767 (1950), it was stated:
 "A `self-serving declaration' is a statement made out of Court which is favorable to the interest of the declarant. Unless, for some recognized reason, it comes within the exception to the general rule, such a declaration is not admissible in evidence when tendered by the favored party, if not a part of the res gestae. The prime objection to this character of proof is that it does violence to the hearsay rule. Further, it opens the door to the introduction of untrustworthy declarations and permits a party to manufacture his own evidence." Quoted in Powell v. State, 51 Ala. App. 398, 286 So.2d 73 (1973).
And in Chisolm v. State, 409 So.2d 930 (Ala.Cr.App. 1981), this court stated:
 "The law is well settled in this state that such self-serving declarations of an accused, made before or after the offense are not admissible for him (or by him) unless they are part of the res gestae."
The statement in question was not a part of the res gestae. It was not a part of other conversations or statements proven by the state and there was no showing that the defendant was offering a statement against his interest. *Page 1040 
Thus, the trial court's ruling was correct and this case is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable P.B. McLAUCHLIN, Jr., Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30 (b)(6), Code of Alabama 1975; the court has adopted his opinion as its own.
AFFIRMED.
All the Judges concur.