TAYLOR, Judge.
Appellant, Mary Parker Kennedy, was found guilty of the offense of the fraudulent use of a credit card, pursuant to Title 13A-9-14, Code of Alabama 1975. The court, in accordance with the jury’s verdict, entered a judgment of guilty and sentenced the appellant under the Alabama Habitual Offender Act to a term of 15 years. There is only one issue on appeal.
I
Appellant contends that the court erred in sustaining the State’s objection to a written statement made by the appellant wherein she gave an explanation of how she came into possession of the stolen credit card. The State, however, argues that Ms. Kennedy’s statement violated the hearsay rule, and was properly excluded from the evidence at trial.
The record reflects that the automobile and MasterCard charge card of Ann Merri-weather Brown had been stolen. Ms. Brown testified that at no time had she given Ms. Kennedy or anyone else permission to use this charge card, and that she had reported it stolen to AmSouth Bank.
*1334 Additionally, the record shows that Ms. Kennedy used this card to attempt to purchase some clothing at the Parisian store in Birmingham. When the sales clerk took the card to call MasterCard and verify the purchase, the appellant left. At this time, the sales clerk notified the security supervisor of the incident, and described the appellant. The supervisor went outside the store, saw the appellant, and apprehended her. The supervisor called the Birmingham Police Department, and an officer proceeded to the Parisian store and took the appellant into custody. She was then charged with violation of the Alabama Credit Card Act.
At trial, Ms. Kennedy testified that she had been given the credit card by a man called “Shocky” who, she said, told her to make some charges on it to repay herself for some money stolen by his girlfriend. The defense called Mr. Busby, AmSouth’s fraud investigator, to the stand. He testified that subsequent to the arrest of appellant, he had the appellant write out a statement explaining her involvement with the stolen card. The State objected to Mr. Busby’s testimony regarding his interview with the appellant, but the court allowed that testimony into evidence. When Mr. Busby began to discuss the contents of Ms. Kennedy’s written statement, the State objected again. Neither Mr. Busby nor the appellant’s attorney had a copy of this statement, and the court sustained the State’s objection at this time. Should Mr. Busby’s testimony regarding the contents of appellant’s written statement have been allowed into the testimony? We think not.
“A ‘self-serving declaration’ is a statement made out of Court which is favorable to the interest of the declarant. Jarrell v. State, 35 Ala.App. 256, 50 So.2d 767 (1950), rev’d on other grounds, 255 Ala. 128, 60 So.2d 774, aff’d, 255 Ala. 209, 50 So.2d 776 (1951). Of course, most statements made by rational people are self-serving. In Chisolm v. State, 409 So.2d 930 (Ala.Crim.App.1981), this court noted:
“The law is well settled in this State that such self-serving declarations of an accused, made before or after the offense are not admissible for him unless they are part of the res gestae.” (Emphasis added.)
The statement in the present case was not part of the res gestae. Ms. Kennedy’s statement was made after she was in the custody of the Birmingham Police Department, and, obviously, after the offense had occurred.
Moreover, “[t]he prime objection to this character of proof is that it does violence to the hearsay rule. Further, it opens the door to the introduction of untrustworthy declarations or permits a party to manufacture his own evidence.” Jarrell, supra. “If a self-serving declaration is inadmissible as tending to prove the truth of the matter asserted, the inadmissibility results from the hearsay rule.” C. Gamble, McElroy’s Alabama Evidence, § 242.02 (3d ed. 1977).
The court allowed Ms. Kennedy to testify to explain how she came into possession of the credit card. The contents of her written statement, however, were hearsay, not covered by the res gestae exception, and were properly excluded by the trial court. Jarrell, supra.
AFFIRMED.
All the Judges concur.