Jeffery Williams was convicted for first degree kidnapping, first degree rape, and first degree sodomy. He was sentenced to *Page 170 
99 years' imprisonment on each charge. Three issues are raised on this appeal from those convictions.
 I
The defendant contends that the trial judge improperly restricted his cross-examination of Birmingham Police Sergeant Paul Price. We disagree.
After his arrest, the defendant waived his Miranda rights and made an exculpatory statement to Sergeant Price denying any involvement in the charged offenses. Immediately before Sergeant Price took the witness stand as a prosecution witness, the State represented to the trial judge that Price would not be questioned about the statement he took from the defendant. The prosecutor made an oral motion in limine seeking to prevent defense counsel from questioning the officer about any statement the defendant had made to Sergeant Price. The trial judge ruled that any statement made by the defendant to Sergeant Price would be hearsay and granted the State's motion:
 "The Court will speak very plainly: If the defendant does not wish to testify, and he has every right not to testify, I'm not going to allow hearsay statements to come in to bolster whatever testimony would have come in. And that's very plain. I'm not going to let him come in the back door if he's not going to come in the front door."
On direct examination, Sergeant Price was not asked about and did not mention the defendant's statement. On cross-examination, defense counsel inquired into the subject of the defendant's statement and attempted to introduce the entire statement into evidence, attempted to elicit from Sergeant Price statements the defendant had made to him, and attempted to question the sergeant about questions the sergeant had asked the defendant. The trial judge sustained the State's objections and refused to allow defense counsel to examine Sergeant Price on these matters.
The "fixed," Hawkins v. State, 239 Ala. 532, 533, 195 So. 765
(1940), and "correct rule," Espey v. State, 270 Ala. 669, 673,120 So.2d 904 (1960), is stated in Jones v. State, 181 Ala. 63,78, 61 So. 434, 439 (1913): "The acts, declarations, and demeanor of an accused, before or after the offense, whether part of the res gestae or not, are admissible against him, but unless a part of the res gestae are not admissible for him." The admission of such evidence would allow the accused to make evidence for himself. Jordan v. State, 81 Ala. 20, 1 So. 577,584 (1886). "As a general rule, one charged with crime can not make evidence for himself, by proof of his own declarations."Stewart v. State, 63 Ala. 199, 200 (1879). See also Miller v.State, 441 So.2d 1038, 1039 (Ala.Cr.App. 1983); Powell v.State, 51 Ala. App. 398, 400, 286 So.2d 73, cert. denied,291 Ala. 796, 286 So.2d 75 (1973); Dowdey v. State, 45 Ala. App. 185, 227 So.2d 815 (1969); Cranmore v. State, 41 Ala. App. 276,129 So.2d 121 (1961); Hawkins v. State, 29 Ala. App. 221,195 So. 762, cert. denied, 239 Ala. 532, 195 So. 765 (1940), all holding inadmissible the "self-serving" statements of an accused to a law enforcement officer. "Although frequently said to constitute self-serving declarations, . . . statements made by the accused, after the commission of the crime and not as part of the res gestae, fit the classic definition of hearsay."Harrell v. State, 470 So.2d 1303, 1306 (Ala.Cr.App. 1984), affirmed, Ex parte Harrell, 470 So.2d 1309 (Ala. 1985). "Since [the defendant's] statement to the police was not admissible in his favor, the refusal of the trial judge to allow defense counsel to cross examine a State's witness about this matter did not restrict [the defendant's] Sixth Amendment right of confrontation." Harrell, 470 So.2d at 1306. See also Tolen v.State, 18 Ala. App. 523, 524, 93 So. 278 (1922) (defendant on cross-examination of State's witness may not elicit self-serving conversation between him and officers).
The defendant argues that he should have been permitted to cross-examine Sergeant Price about the questions the sergeant asked the defendant in order to impeach Price. The transcript of the interrogation is not contained in the record on appeal. We do not see how, and the defendant *Page 171 
has failed to explain how, any questions Sergeant Price asked the defendant would tend to impeach Sergeant Price, who did not testify to any matter concerning the defendant's statement or his questions of the defendant. In this regard, we agree with the trial judge's statement that the defendant should not be allowed to "come in the back door if he's not going to come in the front door." See Harrell, supra. There is no allegation that Sergeant Price told the defendant anything about the crime as opposed to asking him questions. In fact, the defendant admits in brief that "Sgt. Price's questions to the Appellant were in fact — questions." Appellant's brief at 50.
For these reasons, we find that the defendant's cross-examination of Sergeant Price was not improperly restricted.
 II
On cross-examination of Sergeant Price, defense counsel showed the officer a photograph of an individual in military uniform, which Price identified as, "It's Mr. Williams. His name is here." The defendant called his mother as his own witness. Mrs. Williams testified that the photograph was of Fate Williams, Jr., her "number-three son" and not of the defendant, although "they look some alike."
Defense counsel offered the photograph into evidence "to show that there are other people who have and bear a resemblance to [the defendant], and there's other people who have dental work of the same type as [the defendant]." On appeal, he argues that the photograph "would have tended to strengthen [Mrs. Williams'] testimony while impeaching Price's identification." Appellant's Reply Brief at 6. The trial judge sustained the State's objection and refused to allow the photograph admitted into evidence "fail[ing] to see the relevancy of this particular picture." The defendant argues that this constitutes error because it denied him the ability to impeach Sergeant Price's in-court identification of the defendant, and denied him his right to prove that he was not the attacker. We reject these arguments.
Sergeant Price was not an eyewitness to the crimes involved in this prosecution. At trial, T.S. identified the defendant as the person who kidnapped, sodomized, and raped her. Lisa Johnson also identified the defendant as the person who held her friend, T.S., at gunpoint.
"Photographs . . . are relevant and admissible to help the jury to better understand the persons, object, locale, or conditions in issue. However, relevancy and introduction of . . . photographs are within the sound discretion of the trial court. This discretion is not reviewable in the absence of a gross abuse of that discretion." Raines v. Williams,397 So.2d 86, 88 (Ala. 1981). "The test of relevancy applied in Alabama is whether the offered evidence bears any logical relationship to the ultimate inference for which it is offered. . . . The inference for which the evidence is offered, of course, must be material to an issue in the case." Aetna Life Insurance Co. v.Lavoie, 470 So.2d 1060, 1078 (Ala. 1984), vacated on other grounds, Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813,106 S.Ct. 1580, 89 L.Ed.2d 823 (1986).
 " 'If the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact in controversy, it should go to the jury. The question as to its admission or rejection addresses itself to the court as one to be answered with a view to practical, rather than theoretical consideration. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other certain, or more probable. * * * But where there is such logical connection between the fact offered in evidence and the issuable fact that proof of the former tends to make the latter more probable or improbable, the testimony proposed is relevant, if not too remote.' 2 Jones on Evidence (2d Ed.) pp. 1086 and 1115." George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 502, 140 So. 578
(1932). *Page 172 
Here, there was no contention that the defendant's brother was the actual assailant. We agree with the trial judge that, under the particular circumstances presented here, the photograph of the defendant's brother was not relevant to the issues presented.
 III
The defendant argues that the evidence is insufficient to support his conviction for rape because the only evidence of penetration came from the victim, because that testimony was materially contradicted and impeached, and because there was no corroboration of the victim's testimony.
An essential element of the offense of rape is "sexual intercourse" which is "the actual penetration [however slight] of the male sexual organ into the sexual organ of the female."Reynolds v. State, 274 Ala. 171, 172, 146 So.2d 85 (1962). "Penetration alone, the other elements of the crime concurring, is rape without regard to actual completion of the sexual act."Myhand v. State, 259 Ala. 415, 418, 66 So.2d 544 (1953). "Penetration to a particular extent is not required but 'some degree of entrance of the male organ within the labia pudendum is essential.' " Long v. State, 370 So.2d 354, 357 (Ala.Cr.App. 1979) (Victim testified accused "put his privates in me . . . the front part . . . between my legs."). "The test is whether there was an actual penetration and not whether there was full penetration." Liptroth v. State, 335 So.2d 683, 687
(Ala.Cr.App.), cert. denied, 335 So.2d 688 (Ala.), cert. denied, 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976) (accused's private part "partway" into victim's private part). See also Patrick v. State, 495 So.2d 112, 114-15 (Ala.Cr.App. 1986), and cases cited therein (victim testified "it felt like something was in me"). "The nature of the penetration that is essential for a rape conviction need not be proved in any particular form of words." Swint v. State, 455 So.2d 285, 287
(Ala.Cr.App. 1984). See also Fisher v. State, 480 So.2d 6, 7-8
(Ala.Cr.App. 1985).
Here, on direct examination, T.S. testified that the defendant "put his penis in my vagina and pushed." She stated that she "could feel his penis inside of me. * * * Not very far, because he couldn't keep an erection to go all the way in."
On cross-examination, T.S. admitted that at the preliminary hearing she had testified that the defendant "couldn't keep it hard, so therefore he could not penetrate me." Later, she told the grand jury that the defendant had "tried to penetrate me. He could not keep an erection." On further cross-examination, T.S. testified that she was not penetrated.
On redirect examination, T.S. testified that to her "[p]enetration means fully inside and pulling out, back, and that, to me, is penetration." She stated that the defendant inserted a part of his penis into a part of the lips of her vagina "[f]ar enough I could feel it" and that while the defendant was on top of her "[h]e kept trying to push it further into me." T.S. testified that she did tell the grand jury that the defendant did penetrate her to some extent ("Q: Did he penetrate you to any extent whatsoever with his penis? A. Yes, sir.") and that there was "slight penetration."
In our opinion, the testimony of T.S. constitutes sufficient evidence of the element of penetration. We do not view her testimony as being materially contradicted and impeached as argued on appeal. However, even inconsistencies in the victim's testimony do not destroy the probative force of that testimony as a matter of law even though they may impair the credibility of the witness and reduce the weight of the testimony.Jones v. State, 469 So.2d 713, 717 (Ala.Cr.App. 1985).
In Alabama, it is well settled that a conviction for rape may be had on the uncorroborated testimony of the victim.
 "In prosecutions for rape it is very proper for the jury to be exceedingly cautious how they convict a defendant on the uncorroborated testimony of the prosecutrix, especially when there is evidence tending to impeach her credibility; for the experience of the courts in modern times has amply attested the assertion of Lord Hale, that the charge of rape is 'an accusation easy to make and *Page 173 
hard to be proved, and harder still to be defended by the party accused though never so innocent.' 1 Hale, P.C. 635. But there is no rule of law which forbids a jury to convict one charged with this crime on the uncorroborated testimony of the prosecutrix, although she be impeached for ill fame in chastity or otherwise, provided they be satisfied beyond a reasonable doubt of the truth of her testimony. Boddie v. State, 52 Ala. 395; 2 Bish.Crim.Pr. (3d Ed.) § 968. If this were not so, one of the most detestable and atrocious of all crimes known to the law might often go unpunished, as the perpetrators of this offense almost invariably seek to carry out their purpose when their victim is alone and unprotected. It is manifest, under this principle, that the seventh charge was properly refused, which advised the jury not to convict unless the testimony of the prosecutrix was corroborated by an examination of her person by medical or other experts, and that her refusal to submit to such examination would subject her evidence to discredit. However forcible such a suggestion may be under some circumstances, as an argument to a jury, the law does not require it. 1 Whart. Crim.Law, (9th Ed.) § 565." Barnett v. State, 83 Ala. 40, 3 So. 612, 615 (1888).
See also Faircloth v. State, 471 So.2d 485, 488 (Ala.Cr.App. 1984), affirmed, Ex parte Faircloth, 471 So.2d 493 (Ala. 1985).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.