TAYLOR, Judge.
The appellant, Gerald Henderson, Jr., was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced as a habitual felony offender to life in prison without the possibility of parole.
The evidence tended to show that the appellant stabbed Anthony Harlan Fowler several times with a sword that, when sheathed, appeared to be a walking cane. Fowler died as a result of the injuries inflicted by the appellant.
I
On appeal, the appellant first contends that the court erred in granting the state’s motion in limine prohibiting the appellant from offering evidence of a statement he had made after his arrest. The 43-page statement related the appellant’s rendition of the facts surrounding the altercation between him and the victim.
“‘The acts, declarations, and demeanor of an accused, before or after the offense, whether part of the res gestae or not, are admissible against him, but unless a part of the res gestae are not admissible for him.’ [Jones v. State, 181 Ala. 63, 78, 61 So. 434, 439 (1913).] The admission of such evidence would allow the accused to make evidence for himself. Jordan v. State, 81 Ala. 20, 1 So. 577, 584 (1886). ‘As a general rule, one charged with crime can not make evidence for himself, by proof of his own declarations.’ Stewart v. State, 63 Ala. 199, 200 (1879). See also Miller v. State, 441 So.2d 1038, 1039 (Ala.Cr.App.1983); Powell v. State, 51 Ala.App. 398, 400, 286 So.2d 73, cert. denied, 291 Ala. 796, 286 So.2d 75 (1973); Dowdey v. State, 45 Ala.App. 185, 227 So.2d 815 (1969); Cranmore v. State, 41 Ala.App. 276, 129 So.2d 121 (1961); Hawkins v. State, 29 Ala.App. 221,195 So. 762, cert. denied, 239 Ala. 532, 195 So. 765 (1940), all holding inadmissible the ‘self-serving’ statements of an accused to a law enforcement officer. ‘Although frequently said to constitute self-serving declarations, ... statements made by the accused, after the commission of the crime and not as part of the res gestae, fit the classic definition of hearsay.’ Harrell v. State, 470 So.2d 1303, 1306 (Ala.Cr.App.1984), affirmed, Ex parte Harrell, 470 So.2d 1309 (Ala.1985).”
Williams v. State, 536 So.2d 169, 170 (Ala.Cr.App.1988).
The court correctly excluded the appellant’s statement to the police. It was hearsay and was not admissible under any hearsay exception.
II
The appellant also contends that the court erred in not instructing the jury on reckless manslaughter. The state, in its brief, contends that the appellant failed to preserve this issue for appellate review. A review of the record reveals that the state has misconstrued the facts. This issue was preserved by a timely objection. Rule 21.2, A.R.Crim.P.
After the appellant’s attorney objected to the court’s failure to charge the jury on reckless manslaughter, the court stated:
“Counsel, I made the determination that the reckless manslaughter charge would be inappropriate in this case. I mean, I did determine that it was not a part of your argument. You didn’t argue it to the jury. And so I did not charge them on reckless manslaughter and do not intend to do so.”
The evidence presented at trial tended to show that the appellant repeatedly stabbed the victim. This is not reckless conduct; it is intentional conduct. The court was correct in not instructing the jury on reckless manslaughter because there was no evidence from which a jury could find that the appellant’s conduct was anything other than intentional. Harper v. State, 629 So.2d 67 (Ala.Cr.App.1993).
For the foregoing reasons, the appellant’s conviction is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.